PETITION OF LARRY P. HIGH PINE.
No. 10784
Submitted April 9, 1964. Decided April 28, 1964.
391 P.2d 690.

PER CURIAM:

This is an appeal from an order denying a motion to withdraw a plea of guilty, filed by Larry P. High Pine, an inmate of the Montana State Prison, appearing pro se.

From the record it appears that on February 27, 1964, defendant filed a motion in the district court requesting permis-

sion to withdraw his plea of guilty and the motion was denied on March 26, 1964, by an order entered by the district court.

Defendant contends in support of his motion that his confession was illegally obtained; that he was denied assistance of counsel; that the information was amended; and that his arrest was illegal. We are cited to many cases involving fact situations not present here as authorities to support the contentions raised by defendant.

We shall first briefly set forth what the record in this cause discloses. On June 2, 1960, a complaint charging murder in the first degree was filed in a Justice Court in Rosebud County, Montana, and a warrant of arrest issued and delivered to the sheriff. Thereafter on the same day such warrant was returned and the defendant was brought before the justice of the peace who at that time advised defendant of his constitutional rights, his right to assistance of counsel and to a preliminary hearing. Defendant requested time to make a decision and the proceedings were continued until the following day, June 3, at 1:00 P.M. At that time the defendant's father appeared and asked that the proceedings be postponed until such time as they could secure the services of an attorney and pursuant to such request the hearing was then continued until June 13, 1960. On that day the defendant and his parents appeared before the justice of the peace and a waiver was made of the services of an attorney and a preliminary hearing, following which the justice of the peace bound defendant over to the district court to answer the charge.

On July 8, 1960, an information was filed in the district court charging the defendant with the commission of the crime of murder in the first degree, alleged to have been committed on or about the 2nd day of June, 1960, at or about the hour of 4:00 A.M. of said day. A warrant of arrest was issued and the defendant was brought before the district court. Defendant desired counsel and, being unable to employ one, the court appointed F. F. Haynes, Esq., as his counsel. Thereafter the de-

fendant and his counsel were before the court and counsel waived the statutory period for entry of plea and a plea of not guilty was entered by the defendant.

On July 26, 1960, the case was set for trial, such trial to commence on September 12, 1960. On September 2, 1960, defendant and his counsel were before the court, together with the county attorney of Rosebud County. Both the defendant and his counsel told the court they waived any objection to the proceedings at that time and the information was read to the defendant and a request was made to amend the information to charge second degree murder by agreement with the attorney for the defendant. The court ordered the information to be so amended, the statutory time for entry of plea to the amended information was waived, and defendant entered a plea of guilty to second degree murder. The defendant and his counsel then waived the statutory time for pronouncement of judgment and the court then sentenced defendant to a term of 20 years in the State Prison.

The district judge in his order denying the motion, after setting forth the facts, stated: "The foregoing discloses that the defendant was at all times accompanied by his court-appointed counsel, following his appointment and appearance on July 8, 1960, Mr. F. F. Haynes of Forsyth, Montana, a well-known and long-practicing and successful attorney in all courts of this state.

"The defendant was in close touch with Mr. Haynes at all times and each step of the proceedings were explained to the defendant before he answered personally and audibly the questions from the Court, relative to his waivers and plea. * * *

"Also that the amendment of the Information in open Court, and his plea of guilty to murder in the second degree, was all done following his consultation with his attorney, Mr. Haynes."

Turning now to the contentions of the defendant on this appeal. First, that his confession was illegally obtained. There is nothing in the record in this cause which shows that any con-

fession was ever presented in the district court, in fact the court's order states it was not. Since if a confession existed it was not used at any stage of the proceedings in this cause there is no merit to defendant's contention.

Secondly, that he was denied assistance of counsel. The record affirmatively discloses that counsel was appointed for defendant at his request at the very outset of the district court proceedings. This counsel appointed to defend this defendant is a long-time practitioner in the courts of Montana, with a wealth of experience at the bar of this court; an outstanding trial lawyer and one who has engaged in a multitude of criminal defenses as well as prosecutions over his long period of practice. It is doubtful if a more experienced or skillful defense counsel could be obtained in the State of Montana. There is no merit in this contention. Defendant complains that during his interrogation by the officers he did not have counsel but if there were any merit in this assertion his defense counsel would have availed himself of it.

As to the third contention, that the information was amended. As the record discloses the charge was reduced from murder in the first degree to murder in the second degree, with the consent of defendant and his counsel. Following the reduction of the degree by the amendment of the information the defendant was arraigned thereon and a plea of guilty was entered to the amended information. Nothing erroneous appears in the procedure and this contention lacks merit.

As to the last contention, that his arrest was illegal, defendant argues that this arises by reason of jurisdiction. The record discloses the court had jurisdiction, and we have heretofore set forth what the record shows as to the arrest of defendant, and no merit exists in this contention.

No error appearing, the order denying motion to withdraw a plea is affirmed.