PETITION OF JOHN B. LA DOUX, JR.
No. 10811.
Decided June 30, 1964.
393 P.2d 778.

10

PER CURIAM.

Original proceeding. This is a petition for a writ of habeas corpus, brought by John B. La Doux, Jr., appearing pro se, an inmate of the Montana State Prison.

From the petition it appears that petitioner was found guilty of the crime of forgery on or about August 12, 1960, and was sentenced to a term of eight years.

The petitioner was paroled, but violated the parole and was returned to custody.

The main contention is that his good time allowance granted him before parole was forfeited because of the parole violation. It is alleged in the petition that such action is contrary to section 80-740, R.C.M.1947, which provides for the granting and forfeiting of credit for good time served by a prison inmate. The relevant part of section 80-740, R.C.M.1947, as amended, is as follows:

"The state department of public institutions is hereby authorized and required to adopt rules and regulations applicable to all inmates employed upon any prison work or activity whereby said inmates so employed, but only while so employed, may be granted good time allowance which shall operate as a credit of time from his sentence as imposed by the court, conditioned upon such inmates' good behavior and compliance with all rules and regulations which may be made by said department or warden of the state prison, for the management and control of said prison and such inmates; * * * provided, that in the event of an attempted escape by the inmate, or a violation of the rules and regulations so prescribed, by the department or warden, the inmate may be punished by the forfeiture of any part of or all good time allowances. The warden of the state prison shall advise the department of public institutions of any attempted escape or violation of rules and regulations on the part of the inmate, and the department shall approve the forfeiture of any part of or all good time allowance."

Petitioner would construe the above section to mean that

the good time allowance granted is an earned credit or "reward" received for prison labor and activity and that once granted it remains a credit of time from the sentence unless the inmate violates a prison rule or regulation while so employed. It is argued that a parole violation is not a violation of a prison rule or regulation and should not be allowed as a ground for forfeiting the good time allowance within section 80-740. The charge is that for the department of public institutions to approve a forfeiture of good time allowance for any reason other than a violation of a prison rule or regulation or an escape, constitutes a denial of due process of law or the equal protection of the laws under both the State and the Federal Constitutions.

The narrow construction urged by the petitioner distinguishes between parole violations and prison rule or regulation violations. However, this court has previously held that parole rules and regulations, being incident to the management of convicts, are to be treated as prison rules and regulations within the meaning of section 80-740, R.C.M.1947. In Hill v. State, 139 Mont. 407, 410, 365 P.2d 44, 45, we stated:

"It has been the practice of the State Board of Prison Commissioners to treat a violation of parole as one of the infractions of the prison rules and regulations which under the forfeiture statute would result in the forfeiture of all good time."

A prisoner out on parole is still in the legal custody of the prison authorities. He is still serving his sentence because the parole does not suspend the sentence, but only operates to lower the grade of punishment imposed. Jenkins v. Madigan, 7 Cir., 211 F.2d 904, 906. A prisoner may be behind walls, on a trustee ranch, or walking the streets on parole, but in any of these situations he is still subject to the sentence imposed and to the discretionary regulatory action of the prison authorities.

The department of public institutions, the board of prison commissioners, and the warden have wide discretionary

powers granted them by the legislature to govern the prisoners and the allowance or forfeiture of good time. We are reluctant to interfere with discretionary acts unless it is clearly shown that there has been an abuse of the delegated discretion. The petitioner's good time has been taken from him for a parole violation, and such action is not an abuse of discretion by the department. It is the construction of this court that such is within the intention of the legislature as reflected in section 80-740, R.C.M.1947.

In his petition, the law is actually summed up against the petitioner for there he states:

"In order for good time to be taken from prisoner he must violate rules and regulations of the prison *or rules and regulations of parole.*" (Emphasis supplied.)

Petitioner further alleges that his good time allowance was taken from him *before* he was paroled, but this is clearly inconsistent with the main allegation where he alleges that his good time was taken from him as a result of parole violation and that such act is the basis of the petition. In any event we need not consider the issue of good time taken before parole because petitioner did violate parole and is now in prison, and therefore, the issue is moot in this petition.

The petition is deficient in clarity and is inconsistent in at least one major part. The only issue pertinent to this petition would seem to be whether good time allowance may be forfeited by a violation of parole. We decide in the affirmative. See In re Petition of Pelke, 139 Mont. 354, 365 P.2d 932; Hill v. State, 139 Mont. 407, 365 P.2d 44; State ex rel. Herman and Roy v. Powell, 139 Mont. 583, 367 P.2d 553. There is no denial of due process of law or of the equal protection of the laws by this decision, only a necessary preservation of the sanctity of the discretion to discipline prison inmates.

Petition denied and proceeding dismissed.