IN RE PETITION OF JERALD AMOR.

No. 10861.

Decided October 16, 1964.

395 P.2d 731.

Jerald Amor, pro se.

PER CURIAM.

Petitioner Jerald Amor has presented to this court a handwritten "Motion for leave to file for a Writ of Error Coram Nobis or other appropriate relief." Petitioner is presently an inmate at the Montana State Prison serving a sentence for the crime of rape. Upon the completion of that sentence, a sentence for petitioner's crime of grand larceny will commence. Petitioner has presented handwritten petitions to this court before on various matters concerning these two convictions. Upon reading petitioner's present petition, this court concludes that it presents only one new issue: Can a prisoner petition for a writ of habeas corpus to review a conviction where the sentence for such conviction will not commence until some time in the future after the sentence for another conviction has been completed?

Petitioner in the instant case wishes to petition for a writ of habeas corpus to review a sentence which will begin to run sometime in the future. The United States Supreme Court has acted upon this type of case, and has held that "habeas corpus" can be sought only to effectuate a prisoner's *immediate release,* and not to test the legality of imprisonment at some future time. Thus, a prisoner cannot test by "habeas corpus" the legality of a conviction until the sentence for the conviction has commenced. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Pope v. Huff, 73 App.D.C. 170, 117 F.2d 779, certiorari denied, Pope v. Curran, 314 U.S. 669, 62 S.Ct. 134, 86 L.Ed. 535, rehearing denied Pope v. Huff, 314 U.S. 713, 62 S.Ct. 299, 86 L.Ed. 568, and 314 U.S. 714, 62 S.Ct. 358, 86 L.Ed. 569.

In the instant case petitioner's petition for a writ of habeas corpus to review his conviction for grand larceny is premature. Petitioner is not *presently restrained* of his liberty because of the conviction for grand larceny.

While heretofore we have considered the single question presented here, we have also re-examined previous applications of this same petitioner and have found no merit.

Accordingly, petitioner's motion is denied.