## Petition of KARL A. WAGNER

No. 10926
Decided March 5, 1965.
399 P.2d 761.

Karl A. Wagner, pro se.

PER CURIAM:

Original proceeding.

Petition of Karl A. Wagner, an inmate of the Montana State Prison, appearing pro se, seeking the issuance of a writ of habeas corpus. Petitioner alleges he is illegally confined without due process of law in that at the time of his trial counsel was appointed by the district court for his defense but that such appointment was made over his objections; that the court refused to grant a continuance of the trial and that such appointed counsel had only a short period to prepare his defense; that such alleged actions by the court deprived him of his right to effective counsel as guaranteed by the Constitutions of the State of Montana and the United States. Petitioner alleges he is entitled to his release from confinement and should be discharged therefrom.

It further appears from the petition that the sentence following the jury trial was imposed on October 14, 1958, for a

term of ten years, and that petitioner was admitted to the prison on or about the 15th day of October, 1958, and has now served in excess of six years thereon. In view of this period of confinement and the probation and parole provisions of our laws, inquiry was made by the court of the Warden of the State Prison as to the status of petitioner in that institution. We are advised that petitioner was received at the prison on October 15, 1958; that he escaped therefrom during the year of 1963, and was apprehended and returned to the institution but committed the crime of burglary while at large; that on April 15, 1964, he was sentenced to a term of five years for the crime of burglary, such sentence to run concurrently with his original ten-year sentence. That on January 16, 1964, he was sentenced to a term of one year for the crime of escape, such sentence to run consecutively as provided by law.

No question is raised in the petition with respect to the legality of either of these convictions, in fact they are not even mentioned therein.

We are thus confronted with a situation where even if a writ of habeas corpus were to be issued it would not result in the release of petitioner from confinement since he is confined under the five-year sentence imposed on April 15, 1964, concurrently with his original ten-year sentence.

Section 94-101-1, R.C.M.1947, provides that: "Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." Petitioner is not by virtue of what has been heretofore stated "unlawfully imprisoned or restrained of his liberty," under the conviction attacked by his petition.

Since the Federal law with respect to habeas corpus formerly contained the provision that the writ may issue "for the purpose of inquiry into the cause of restraint of liberty," similar to our statute, we will refer to their opinions. (The above-quoted words were later omitted as merely descriptive

of the writ but such omission has not changed the Federal Court holdings with respect to the matter here at issue.)

The Supreme Court of the United States in discussing the writ of habeas corpus in McNally v. Hill, Warden, 293 U.S. 131, 136, 55 S.Ct. 24, 79 L.Ed. 238, commented to this effect:

"The purpose of the proceeding defined by the statute was to inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful. In this, the statute conformed to the traditional form of the writ, which put in issue only the disposition of the custody of the prisoner according to law. There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention, and no suggestion of such a use has been found in the commentaries on the English common law. Diligent search of the English authorities and the digests before 1789 has failed to disclose any case where the writ was sought or used, either before or after conviction, as a means of securing the judicial decision of any question which, even if determined in the prisoner's favor, could not have resulted in his immediate release.

"Such use of the writ in the federal courts is without the support of history or of any language in the statutes which would indicate a purpose to enlarge its traditional function. Section 14 of the Judiciary Act, by the language already quoted, was at pains to declare that the writ might issue for the purpose of inquiring into the cause of restraint of liberty. Without restraint of liberty, the writ will not issue. Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277; Stallings v. Splain, 253 U.S. 339, 343, 40 S.Ct. 537, 64 L.Ed. 940. Equally, without restraint which is unlawful, the writ may not be used. A sentence which the prisoner has not begun to serve cannot be the cause of restraint which the statute makes the subject of inquiry.

"Considerations which have led this Court to hold that *habeas corpus* may not be used as a writ of error to correct an erroneous judgment of conviction of crime, but may be resorted to only where the judgment is void because the court was without jurisdiction to render it, Ex parte Watkins, supra, page 203 of 3 Pet., 7 L.Ed. 650; Knewel v. Egan, 268 U.S. 445, 447, 45 S.Ct. 522, 69 L.Ed. 1036, lead to the like conclusion where the prisoner is lawfully detained under a sentence which is invalid in part. *Habeas corpus* may not be used to modify or revise the judgment of conviction. Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101; United States v. Pridgeon, 153 U.S. 48, 63, 14 S.Ct. 746, 38 L.Ed. 631. Even when void, its operation may be stayed by *habeas corpus* only through the exercise of the authority of the court to remove the prisoner from custody. That authority cannot be exercised where the custody is lawful.

"Wherever the issue has been presented, this Court has consistently refused to review, upon *habeas corpus,* questions which do not concern the lawfulness of the detention. In re Graham (Graham v. Weeks), 138 U.S. 461, 11 S.Ct. 363, 34 L.Ed. 1051; In re Swan, 150 U.S. 637, 653, 14 S. Ct. 225; 37 L.Ed. 1207; Harlan v. McGourin, supra; United States v. Pridgeon, supra; Nishimura Ekiu v. United States, 142 U.S. 651, 12 S.Ct. 336, 35 L.Ed. 1146; Iasigi v. Van der Carr, 166 U.S. 391, 17 S.Ct. 595, 41 L.Ed. 1045; Hale v. Henkel, 201 U.S. 43, 77, 26 S.Ct. 370, 50 L.Ed. 652; Ex parte Wilson, 114 U.S. 417, 421, 5 S.Ct. 935, 29 L.Ed. 89."

In the concurring opinion to Heflin v. United States, 358 U.S. 415, 421, 79 S.Ct. 451, 454, 3 L.Ed.2d 407, appears this statement:

"The very office of the Great Writ, its only function, is to inquire into the legality of the detention of one in custody. It is unnecessary to paraphrase here Mr. Justice Stone's penetrating discussion in McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, or to incorporate the thorough review of legal

history there contained. It will suffice to note only the Court's conclusion: 'Without restraint of liberty, the writ will not issue. * * * Equally, without restraint which is unlawful, the writ may not be used. * * *.'"

The doctrine of McNally, supra, was again expressed in Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963.

Our court in In re Petition of Amor, 144 Mont. 300, 395 P.2d 731, cited with approval McNally, supra, as authority for our holding there.

No merit appearing the writ requested is denied and the proceeding dismissed.