Edward Charles **CURTIS**, Petitioner,

v.

John E. **BENNETT**, Warden, et al., Respondents.

Misc. No. 372.

United States Court of Appeals
Eighth Circuit.

Nov. 4, 1965.

Edward Curtis, pro se.

Lawrence F. Scalise, Atty. Gen., State of Iowa, for appellee.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges.

PER CURIAM.

Petitioner Edward Charles Curtis, an inmate of the Iowa State Penitentiary, serving his sentence by virtue of a state conviction, made application to the District Court for the Southern District of Iowa for writ of habeas corpus which the court. denied. The court likewise denied petitioner's application for certificate of probable cause. This matter comes before this court upon petitioner's application for issuance of certificate of probable cause required by 28 U.S.C.A. § 2253. See In Re Application of Burwell, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666.

Petitioner was convicted of breaking and entering upon his voluntary plea of guilty by the District Court of Clinton County, Iowa, on August 3, 1960, and was sentenced to a term of ten years in the State Penitentiary. He was represented by counsel and took no appeal. Petitioner does not in any way here challenge the validity of his conviction. In fact, he admits that he was properly convicted.

Petitioner's present complaints are directed to asserted violation of his Constitutional rights arising out of his parole granted him and the subsequent revocation thereof and petitioner's being retaken into custody by Iowa officials in the State of Illinois and returned to the penitentiary without extradition formalities.

Petitioner has heretofore sought habeas corpus relief from the state district court which relief was denied. Up-

on appeal, the Iowa Supreme Court affirmed. Curtis v. Bennett, 131 N.W.2d 1. The Iowa Court in its opinion sets out the contentions made by the petitioner and holds that all proceedings in connection with petitioner's parole, the revocation thereof and his retaking are in conformity with Iowa law. Petitioner makes the same contentions here. We believe that all of the contentions now urged by petitioner were fairly considered and properly answered by the Iowa Supreme Court.

A parole is a matter of grace, not a vested right. A large discretion is left to the States as to the manner and terms upon which paroles may be granted and revoked. Federal due process does not require that a parole revocation be predicated upon notice and opportunity to be heard. Goldsmith v. Sanford, 5 Cir., 132 F.2d 126; Seward v. Heinze, N.D.Cal., 165 F.Supp. 137; Curtis v. Bennett, supra.

Petitioner's contention that his incarceration is invalid because he was picked up upon revocation of his parole by an Iowa official in Illinois and returned to the penitentiary without according him an extradition hearing is likewise without merit. Under Iowa law, I.C.A. § 247.9, prisoners while on parole remain in the legal custody of the warden and are subject to be taken into custody and returned to the institution at any time. Other Iowa laws relating to parole, including provision for interstate compacts for the return of parolees violating their paroles, are set out in the Iowa Court opinion. Moreover, under the parole agreement petitioner signed, he specifically agreed not to contest any effort to return him to the State of Iowa and to waive extradition. The manner in which petitioner was retaken to resume the service of his legal sentence does not present any federal question bearing upon his right to relief by habeas corpus. Cook v. Kern, 5 Cir., 330 F.2d 1003; Pierce v. Smith, 9 Cir., 175 F.2d 193. See Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541.

Other issues raised by the petitioner have been considered and we find them lacking in merit. The record conclusively shows that the petitioner is entitled to no habeas corpus relief. The factual issues raised by petitioner are irrelevant on the question of the legality of his confinement resulting from his valid and unchallenged conviction.

Petitioner's application for a certificate of probable cause by this court is denied. Absent a certificate of probable cause, petitioner's appeal cannot be considered; hence, such appeal is dismissed.