## PETITION OF KARL A. WAGNER.

No. 11133.
Decided April 26, 1966.
413 P.2d 467.

Karl A. Wagner, pro se.

PER CURIAM:

Karl A. Wagner, an inmate of the Montana State Prison, appearing pro se, filed a petition for appropriate relief and alleges in support thereof that in the district court of Cascade County he was charged with the crime of burglary in the first degree; that upon a jury trial he was convicted and sentenced to a term of ten years, entering the prison on October 15, 1958; and that petitioner escaped on July 3, 1963, was apprehended and returned to the prison on July 10, 1963. Thereafter, according to petitioner, all good time allowances from October 1958, were forfeited under statutory provisions, and he was charged with the crime of escape from the state prison in the district court of Powell County, Montana, plead guilty and

was sentenced to a term of one year, such term to be consecutive to the original term of confinement, ten years.

Petitioner also alleges he was charged with the crime of burglary in the second degree in the district court of Deer Lodge County, entered a plea of guilty and was sentenced on April 15, 1964, to a term of five years to run concurrently with the original term of ten years, and also that certain moneys were ordered forfeited from his prison account by the warden as a punishment for escape from the state prison.

The main thrust of petitioner's argument is that the state cannot direct forfeiture of any good time allowance because he was punished by the additional sentence of one year for the escape under section 94-4203, R.C.M.1947, which results in two separate and distinct punishments for one and the same crime, and he contends that therefore it is in violation of the 14th Amendment of the U. S. Constitution and Art. 3, § 27 of the Montana Constitution.

Petitioner in 1965 filed a petition for a writ of habeas corpus in this court. We denied the writ requested by Per Curiam Opinion reported in 145 Mont. 101, 399 P.2d 761. Petitioner in that application attacked the ten year sentence imposed October 14, 1958. Since it appeared that on April 15, 1964, he was sentenced to a term of five years for the crime of burglary, such sentence to run concurrently with his original ten year sentence, we there held that even if the writ were issued it would not result in the release of petitioner from confinement since he is confined under the five year sentence concurrently with his original ten year sentence.

While in the present application petitioner is attacking the one year escape sentence imposed on January 16, 1964, to run consecutively as provided by law, the situation remains the same. Petitioner is confined to the prison under the five year sentence imposed on April 15, 1964, which he does not attack here nor did he attack it in his 1965 habeas corpus proceeding. In our Opinion in the 1965 proceedings, supra, we fully set

forth the applicable law which supported our position that the petitioner was not then, nor is he now, unlawfully imprisoned or restrained of his liberty under the conviction attacked by his petition, and therefore he is not restrained unlawfully.

No merit appearing the writ sought is refused, and the proceeding is dismissed.