PETITION OF LARRY P. HIGH PINE.

No. 11720.
Decided Aug. 18, 1969.
457 P2d 912

MEMO OPINION

PER CURIAM:

This is an original proceedings by Larry P. High Pine, an inmate of Montana State Prison, appearing pro se, to obtain a writ of habeas corpus for the purpose of reinstating his parole.

Petitioner alleges several reasons why this Court should issue the writ, only two of which merit discussion here. First, that his constitutional rights were denied when he was returned to Montana State Prison from an Indian Reservation in South Dakota, without extradition proceedings or knowingly waiving extradition. Second, that his constitutional rights were denied him when the Montana Board of Pardons (hereinafter referred to as the Board) revoked his parole, allegedly without a hearing and without appointing counsel for him or informing him of his right to counsel.

The facts from the record show the following: Petitioner was sentenced to 20 years at hard labor in the state prison for the crime of second degree murder in Rosebud County, Montana, on September 2, 1960. On January 9, 1967, petitioner was granted parole from the prison. The Board thereafter, on January 17, 1967, issued a warrant for petitioner's arrest for breaking the conditions of his parole. On February 18, 1967, petitioner was arrested by tribal police on an Indian reservation at Wounded Knee, South Dakota. The tribal police apparently held petitioner for Montana officials on the parole violation. On February 22, 1967, petitioner was returned to Montana by Mr. Fred White, the then acting director of the Board. The Board held a revocation hearing in March 1967 at which time it determined that the best interests of society would be served if petitioner were to remain in the prison until his discharge date.

Both of petitioner's contentions have been discussed by this Court in a recent case, In re Petition of Dixson, 149 Mont. 412, 430 P.2d 642; although that decision dealt primarily with the "Interstate Compact for the Supervision of Parolees and Probationers" the holding in the case is equally applicable here.

Going to petitioner's first contention, it is difficult for this Court to understand how petitioner's constitutional rights were abridged, even if it were true that no extradition was obtained. In the Dixson case, quoting with approval a Washington case, we said at p. 415, 430 P.2d 643:

" 'A parole is not a right, but a privilege to be granted or withheld, as sound official discretion may impel.' "

Later in that same case at p. 417, 430 P.2d at p. 644, we said:

"In order to secure his own parole, petitioner agreed to waive certain rights. He is now bound by his own waiver."

This Court may, and will, rely on the presumption that official duty has been performed. Therefore we presume that a waiver of extradition was obtained from petitioner prior to his removal from South Dakota. However, since petitioner in order to secure his own parole agreed to waive such rights, he is now bound by such waiver and cannot now be heard to complain.

Petitioner's second contention, that his constitutional rights were denied at the revocation of his parole, can also be answered from the Dixson case, supra, at p. 416, 430 P.2d at p. 644, quoting from a federal decision:

" 'A parole is a matter of grace, not a vested right. A large discretion is left to the States as to the manner and terms upon which paroles may be granted and revoked. Federal due process does not require that a parole revocation be predicated upon notice and opportunity to be heard.' "

But going beyond our own decision in Dixson we find numerous decisions by the federal courts and other state courts which agree with this holding. In Dunn v. California Department of Corrections, 401 F.2d 340 (9th Cir. 1968), the Ninth Circuit Court of Appeals, denying a writ of habeas corpus, said:

"There is no federally protected constitutional right to counsel or confrontation of witnesses in a parole revocation proceeding. [Citing cases]"

In Johnson v. Stucker, 203 Kan. 253, 453 P.2d 35 (1969), the Kansas Supreme Court in discussing Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, as it applies to this question, said:

"We do not interpret or construe *Mempa* as extending the constitutional requirement of counsel to parole revocation hearings before the state board of probation and parole. The Mempa decision concerned a deferred-sentencing situation whereas here, sentence had been imposed and the petitioner confined pursuant thereto. The adversary system had been terminated and the correctional and rehabilitative processes of the parole system substituted in its place. Thus, we are no longer concerned with the matter of sentencing or the procedure connected therewith. [Citing cases].

\* \* \* \* \* \* \* \*

"Parole from confinement in a penal institution prior to serving all of an imposed sentence is a privilege, a matter of grace, and no constitutionol right is involved. [Case cited] The courts generally have held there is no federally protected constitutional right to counsel at a parole revocation hearing, and that any such right depends entirely upon the existence of statutory provisions. [Citing cases]."

Petitioner's right to the presence of counsel at his revocation hearing arises, if at all, from the provisions of section 94-9835, R.C.M.1947, which provides:

"The board shall be required to hear oral statements from all persons desiring to be heard before the board and any person *may* be represented by counsel, provided that the board shall have the power to regulate procedure at all hearings." (Emphasis supplied)

Thus it is readily apparent that there is no constitutional right to counsel at a parole revocation hearing, but rather, a statutory right, which by no means requires the Board to provide counsel for a parolee whose parole is being revoked.

The writ is denied and the proceeding is dismissed.