PETITION OF JAMES C. SPURLOCK.

No. 11735,

Decided Aug. 29, 1969.

458 P.2d 80

MEMO OPINION.

PER CURIAM:

This is an original proceeding brought by the petitioner, James C. Spurlock, an inmate of Montana State Prison appearing pro se, seeking a writ of habeas corpus ordering his immediate release from custody.

Petitioner alleges several reasons why this Court should issue the writ. These allegations can be boiled down into two primary contentions. First, that his constitutional rights to due process were violated when: he was arrested by Helena city police officers without a warrant and on the same day turned over to

prison officials and returned to the prison; there was never an attorney present at his revocation hearing which was some five months after his return to prison; and at no time was he brought before a court for a hearing on his parole violation. Second, that his statutory right to "good time" was withdrawn by the parole board allegedly outside the scope of their authority.

The Court obtained the following facts from the records of the Board of Pardons (hereinafter referred to as the board). Petitioner was paroled from the prison on June 15, 1967. On July 19, 1967, a parole violation warrant was issued by the board for petitioner's arrest and return to prison. On August 1, 1967, petitioner was returned to the prison by the officials of the board. A parole revocation hearing was set for petitioner in August of 1967, however, on the day set it appears that petitioner was in the prison hospital and thereupon the board noted that petitioner could appear when available. On January 20, 1968, petitioner had his hearing before the board at which time the board determined that it was in the best interests of society that petitioner serve out his sentence within the prison.

Both of petitioner's contentions have been dealt with by this Court in earlier decisions. Petitioner's claim of a right to counsel at a parole revocation hearing was answered in Petition of High Pine, 153 Mont. 464, 457 P.2d 912, an opinion dated August 18, 1969, in which the Court stated: " * * * there is no constitutional right to counsel at a parole revocation hearing, but rather, a statutory right, which by no means requires the Board to provide counsel for a parolee whose parole is being revoked."

The claim by petitioner that the statute, section 94-9831, R.C.M.1947, requires a parolee to be taken before a court for a complete hearing on his violation of parole is without merit since the above noted statute provides for persons on probation or on a suspended sentence and not for parolees. Section 94-9838, R.C.M.1947, provides for the return of a parole violator

and requires that a warrant be issued·by the board and that upon the parolee's return to prison he be ''* * * promptly brought before it (the board) for a· hearing on the violation charged, under such rules and regulations as the board may adopt.''. In the·instant case the board issued a warrant and subsequently petitioner was returned to prison. However the revocation hearing was not held until 5 months after his return. Normally this could not be considered ''prompt'' as required by statute. But it appears that the petitioner was in the hospital on the. day his first hearing was scheduled, a fact which he fails to mention in his petition, and the record indicates that petitioner could appear when he was available. Apparently he was not available for a hearing until January 20, 1968. It has been the position of this Court that it will indulge in the presumption, ''That official duty has been regularly performed.'' Section 93-1301-7(15), R.C.M.1947. This presumption may be rebutted, but petitioner has not done so here.

In considering petitioner's second contention, concerning his loss of ''good time'' upon his parole violation and subsequent revocation we must consider section 80-1905(2), R.C.M.1947, which provides for prison inmate and good time. That section provides in part, ''In the event of an attempted escape by an inmate, or a violation of the rules and regulations prescribed by the department or warden, the inmate may be punished by the forfeiture of part or all good time allowances.''

This Court has construed the above quoted statute in its earlier form as section 80-740, R.C.M.1947, repealed. The section was not materially changed when enacted in its present form as to the present question. In Petition of La Doux, 144 Mont. 9, 11-12, 393 P.2d 778, we said:

''The department of public institutions, the board of prison commissioners, and the warden have wide discretionary powers granted them by the legislature to govern the prisoners and the allowance or forfeiture of good time. We are reluctant to interfere with discretionary acts unless it is clearly shown that there

has been an abuse of the delegated discretion. The petitioner's good time has been taken from him for a parole violation, and such action is not an abuse of discretion by the department. It is the construction of this court that such is within the intention of the legislature as reflected in section 80-740, R.C.M.1947."

Since petitioner here has violated his parole it is completely within the discretion of the board to withdraw his good time for such violation of the rules and regulations as provided in section 80-1905, R.C.M.1947.

The petitioner having failed to show any good reason for the issuance of a writ of habeas corpus, such writ is denied and the proceeding is dismissed.