PETITION OF THOMAS F. WING.

No. 11749.

Decided September 19, 1969.

464 P.2d 302.

## MEMO OPINION

PER CURIAM.

This is an original proceeding in which petitioner, an inmate of Montana State Prison, appearing pro se, requests the issuance of a writ of habeas corpus for his immediate release from custody and a "full evidentiary hearing".

Petitioner's complaint is based upon a revocation of his parole in February 1969. He states that he was returned to the prison on February 6, 1969 for no reason; that he was never given a hearing before a court and he was never given counsel to assist

him. All of this he claims is in violation of his constitutional rights.

Petitioner was sentenced to 3 years in prison on or about March 3, 1968, in the district court of Blaine County, Montana, for the crime of grand larceny (auto theft). Petitioner was paroled from the prison on October 28, 1968, at which time he went to work on a farm at Dodson, Montana. In December 1968, he applied for training with the Manpower Training and Development Program. He was accepted and on January 6, 1969, he moved to Billings, Montana, to begin schooling. Apparently he had trouble attending school but very little trouble in frequenting taverns. On January 30, 1969, his parole officer issued a warrant for his arrest for parole violation and on January 31, 1969, he was arrested in a tavern in Billings. At the time of his arrest, petitioner gave a fictitious name, and, found upon his person was a partially consumed bottle of whiskey.

From the record it appears that petitioner was brought before the Board of Pardons (hereafter referred to as the Board) on February 14, 1969, at which time he was given an opportunity to be heard. At this hearing petitioner admitted violating the provisions of his parole. The Board revoked the petitioner's parole on February 24, 1969, and ordered that he serve until discharge date.

From the foregoing it is readily apparent there was sufficient cause for the parole officer to issue a warrant for petitioner's arrest and also for petitioner's subsequent return to prison.

As to petitioner's second and third complaints, they have both been answered by this Court in an earlier Per Curiam Order, In re Petition of James C. Spurlock, 153 Mont. 475, 458 P.2d 80. In that Order we noted that the Montana statute, section 94-9838, R.C.M.1947, requires that a parole violator be brought before the Board for a hearing, but a court hearing is not required. Also, a parole violator does not have a constitutional right to an attorney at a parole revocation hearing but

rather a statutory right and by no means is the Board required to furnish an attorney. See also: Petition of High Pine, 153 Mont. 464, 457 P.2d 912, and authorities therein cited.

It appearing that no good cause has been shown for the issuance of a writ the petition is denied and the proceeding is dismissed.