PETITION OF PAUL EUGENE PARRETT, JR.

No. 11757.
Decided Oct. 9, 1969.
459 P.2d 268.

Paul Eugene Parrett, Jr., pro se.

## MEMO OPINION

PER CURIAM.

This is an original proceeding in which petitioner, an inmate of Montana State Prison, appearing pro se, seeks a writ of habeas corpus.

Petitioner was charged with the crime of uttering and delivering a fraudulent check in Great Falls, Montana on April 13, 1965. He was arraigned on April 21, 1965 appearing with his court appointed counsel. At this time he plead guilty. On April 28, 1965, after a presentence investigation, the district court deferred imposition of sentence for five years and placed petitioner on probation for that period of time. The court also sentenced the petitioner to serve four months in the Cascade County jail such time not to count as time served on the sentence in the event the deferred imposition of sentence was revoked.

On June 13, 1966 petitioner was brought before the court on an order to show cause why the deferred imposition of sentence should not be revoked. Petitioner was not accompanied by an attorney at this hearing, nor does the record indicate whether he was informed of a right to an attorney. It was ordered at this time that petitioner's deferred imposition of sentence be revoked and that he serve 5 years in prison.

In October 1967 petitioner was paroled but was apparently returned to the prison very soon thereafter for parole violation. The Board of Pardons held a revocation hearing and it appears that petitioner was not accompanied by an attorney at this hearing. Thereafter petitioner escaped from prison and while a fugitive committed the crime of robbery.

In November 1968 petitioner was brought before the district court in Powell County charged with his escape from prison. He plead guilty to this charge and was given a sentence of one year. Petitioner does not contend that there were any violations of his constitutional rights at this hearing.

Petitioner was also convicted of robbery in November 1968 after pleading guilty to the charge in the district court in Deer Lodge County. Petitioner was represented by counsel at this hearing.

Petitioner's main complaint is that his constitutional rights were denied him. He asserts three basic contentions:

1. That his original conviction is void because he was not represented by counsel nor was he informed of his right to have counsel at the hearing on revocation of deferred imposition of his sentence.

2. That upon revocation of his parole in 1967, at the prison, there was no court hearing and he was not provided with counsel.

3. That the convictions for escape and for robbery in November 1968 are void because he was being held in prison on a void revocation of deferred imposition of sentence.

In his first contention, petitioner relies on the recent U. S. Supreme Court decision of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. This court has recognized the applicability of Mempa to this question in a very recent opinion. In re Petition of Patrick William Kelly, 153 Mont. 448, 456 P.2d 57, in which we said:

"Petitioner is correct in his fundamental position that he is entitled to assistance of counsel, either retained or appointed, at a hearing on revocation of probation and deferred imposition of sentence as well as at the subsequent sentencing following revocation. Petitioner is also correct in that this requirement is retractive in its operation and not confirmed to hearings held after November 13, 1967, the date of the decision in *Mempa*."

However, we also determined in Petition of Karl A. Wagner, 145 Mont. 101, 399 P.2d 761, that a writ of habeas corpus would not be issued if it would not result in release of the petitioner from confinement. The facts of the Wagner case were quite similar to those here. We discussed the U. S. Supreme Court decision of McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24,

79 L.Ed. 238, quite fully, and see no reason to reiterate that holding here.

The petioner is being held on the conviction of robbery from the Deer Lodge County district court where he plead guilty to the charge on November 18, 1968. He was defended by appointed counsel at that time and does not question the validity of those proceedings. The judgment pronounced there does not specify whether the sentence is to run concurrently or consecutively with the prior commitment. Under the new Montana Code of Criminal Procedure, section 95-2213, R.C.M.1947, if the district court does not specify whether the sentence is to run concurrently or consecutively, it will run concurrently with any prior commitment. Thus, even though the revocation of the deferred imposition of sentence may be faulty in this case, it cannot be tested on habeas corpus since petitioner is being held on the valid conviction of robbery.

Petitioner's second contention has been answered several times by this Court recently and has no merit. See In re Petition of Larry P. High Pine, 153 Mont. 464, 457 P.2d 912; In re Petition of James C. Spurlock, 153 Mont. 475, 458 P.2d 80.

Petitioner's third contention will be answered in two parts. First, it is his claim that the conviction for robbery is void because the revocation of deferred imposition of sentence is void. This is utterly ridiculous. Even if the revocation were found to be void this by no means would exonerate the petitioner from his committing the crime of robbery.

Second, the petitioner's claim that his conviction on the escape charge is void because his original sentence is void is without merit. Escape is not the method by which one tests the validity of his incarceration. This question was presented to the Ninth Circuit Court of Appeals in 1966, in the case of Boydston v. Wilson, Warden, 365 F.2d 238 (9th Cir. 1966), wherein that court held that even if a judgment of conviction

were void, petitioner's escape from the penitentiary would constitute a crime for which he could be convicted and sentenced.

No merit appearing in the petition, the writ requested is denied and the proceeding is dismissed.