PETITION OF RICHARD GORDON OSIER.

No. 11982.
Decided Nov. 24, 1970.
477 P.2d 344.

Richard Gordon Osier, pro se.

## MEMO OPINION

PER CURIAM.

This is an original proceeding by Richard Gordon Osier, an inmate of Montana State Prison, appearing pro se, to obtain a writ of habeas corpus for the purpose of reinstating his parole.

On June 7, 1967, petitioner was convicted of a felony and sentenced to five years in the Montana State Prison by the district court in Silver Bow County. Records of the Montana State Prison demonstrate that petitioner was paroled under Title 94, Chapter 98, R.C.M.1947, on April 14, 1970. Petitioner was returned to the prison as a parole violator on June 13, 1970. He appeared before the parole board for his violation hearing on July 1, 1970 and was passed to his discharge date.

Petitioner alleges he was denied his right to counsel and a hearing before a district court regarding his parole violation under section 95-2226, R.C.M.1947. However, section 95-2226, R.C.M.1947, which entitles a prisoner to counsel and a hearing before a district court, is limited to prisoners released on the prison's furlough program encompassed by Title 95, Chapter 22, R.C.M.1947.

Petitioner was released under prison parole authorized by Title 94, Chapter 98, R.C.M.1947, which did not require a prisoner to have benefit of counsel or a hearing before a district court for a parole violation.

On similar facts, a prisoner's parole was revoked without benefit of counsel by the Montana Board of Pardons in Petition of High Pine, 153 Mont. 464, 467, 457 P.2d 912, 914:

"Petitioner's right to the presence of counsel at his revocation hearing arises, if at all, from the provisions of section 94-9835, R.C.M.1947, which provides:

" 'The board shall be required to hear oral statements from all persons desiring to be heard before the board and any person *may* be represented by counsel, provided that the board shall have the power to regulate procedure at all hearings.'

"Thus it is readily apparent that there is no constitutional right to counsel at a parole revocation hearing, but rather, a statutory right, which by no means requires the Board to provide counsel for a parolee whose parole is being revoked."

Therefore, petitioner has no grounds to demand an appointed counsel or a hearing before a district court.

Petition is denied.