PETITION OF LARRY P. HIGH PINE.

No. 11995.
Decided Dec. 31, 1970.
478 P.2d 859.

Larry P. High Pine, pro se.

MEMO OPINION

PER CURIAM.

Original proceeding.

Larry P. High Pine, an inmate of the Montana State Prison, appearing pro se, petitions this Court for a writ of habeas corpus.

Petitioner was committed to the prison on September 2, 1960, on a 20 year sentence for second degree murder. On April 9, 1964 he appealed from an order denying a motion to withdraw a plea of guilty. This Court affirmed the order and found that the contention that his confession was illegally obtained was without merit since a confession, if any, was

not used at any stage of the proceedings. It was also found that the petitioner was given the benefit of experienced and skillful counsel at the outset of the district court proceedings. Petition of Larry P. High Pine, 143 Mont. 453, 391 P.2d 690 (1964). On January 9, 1967, petitioner was granted parole from prison. On February 22, 1967, petitioner was returned to prison for violating his parole. Petitioner applied to this Court at that time for a writ of habeas corpus for the purpose of reinstating his parole. On August 18, 1969, this Court denied the writ and held there was no constitutional right to counsel at parole revocation hearings. Petition of Larry P. High Pine, 153 Mont. 464, 457 P.2d 912 (1969).

Now this Court is called upon by petitioner to consider his contentions that he was denied counsel when a confession was obtained and that the confession was coerced; that his waiver of counsel and preliminary hearing was not voluntary; and that his guilty plea was not entered intelligently and knowingly.

As to the alleged confession we restate our position in the earlier opinion that since the confession was not used at any stage of the proceedings, the contention that the confession was obtained illegally is without merit.

The petitioner waived counsel and preliminary hearing at the initial appearance and he was bound over to the district court to answer the charge. The district court then appointed an experienced and skillful attorney to represent the petitioner. As the district judge stated: "the defendant was at all times accompanied by his court-appointed counsel, following his appointment and appearance on July 8, 1960, Mr. F. F. Haynes of Forsyth, Montana, a well-known and long-practicing and successful attorney in all courts of this state.

"The defendant was in close touch with Mr. Haynes at all times and each step of the proceedings were explained to the defendant before he answered personally and audibly the questions from the Court, relative to his waivers and plea.   *   *   *"

302

■ From the foregoing we fail to find any support for the contentions of the petitioner that his waivers were not voluntary or that his plea was not entered intelligently and knowingly. Therefore the writ is denied and the proceedings dismissed.