**Larry P. HIGH PINE, Appellant,**

v.

**The STATE OF MONTANA and W. J. Estelle, Jr., Warden of Montana State Prison, Appellees.**

**No. 25501.**

United States Court of Appeals,
Ninth Circuit.

Feb. 26, 1971.

Larry P. High Pine, in pro. per.

Robert L. Woodahl, Montana Atty. Gen., Charles C. Lovell, Chief Counsel, J. C. Weingartner, Patrick J. Brophy, Asst. Attys. Gen., Helena, Mont., for appellee.

Before DUNIWAY, ELY and WRIGHT, Circuit Judges.

PER CURIAM:

High Pine, a Montana state prisoner, appeals from the District Court's denial of his petition for habeas corpus. We affirm.

High Pine does not challenge the validity of his original conviction, in 1960, for second-degree murder; however, he asserts the violation of his constitutional rights in the circumstances surrounding his January, 1967, parole and the subsequent revocation thereof. Less than a week after his release on parole, High Pine left Montana to live with relatives on an Indian reservation located in South Dakota. This, apparently, was in violation of the conditions of his pa-

role, and resulted in an arrest warrant being issued for him in Montana. In February, 1967, High Pine was arrested for disorderly conduct by the tribal police on the South Dakota reservation. Four days later, he was surrendered to Montana authorities, who returned him to their state. In March, 1967, his parole was formally revoked.

High Pine first contends that his return to Montana was predicated upon an illegal arrest by tribal police of the South Dakota reservation. He also contends that he was improperly turned over to the Montana authorities without the formalities of extradition. Assuming, *arguendo*, that High Pine was in fact illegally arrested and illegally extradited, neither of these facts can here operate to his benefit. The Supreme Court has held that "the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952). Montana's power, in this case, to reconfine High Pine under a lawful sentence is equally unimpaired by irregularities in High Pine's arrest in South Dakota and his return to Montana.[1] *See also* Charron v. United States, 412 F.2d 657 (9th Cir. 1969); Hunt v. Eyman, 405 F.2d 384 (9th Cir. 1968), cert. denied, 394 U. S. 1020, 89 S.Ct. 1644, 23 L.Ed.2d 46 (1969); Curtis v. Bennett, 351 F.2d 931 (8th Cir. 1965).

High Pine also argues that the Parole Board failed to advise him of his right to counsel at the parole revocation hearing. To this time, however, our court has held that there is no federal constitutional right to counsel at such a hearing. Dunn v. California Dept. of Corrections, 401 F.2d 340 (9th Cir. 1968); Eason v. Dickson, 390 F.2d 585

1. We note that High Pine apparently signed, as a condition of parole, a written waiver of any right to extradition proceedings in the event Montana sought to reclaim him from another state for parole revocation. Some courts have held that such waivers are valid. *See, e. g.*, Curtis v. Bennett, 351 F.2d 931 (8th Cir. 1965).

(9th Cir. 1968).[2] While Montana provides by statute that counsel may be present,[3] the Supreme Court of Montana has held, in a separate proceeding, that High Pine's parole revocation hearing did in fact comport with Montana's law. Petition of High Pine, 457 P.2d 912 (Mont.1969).

Affirmed.[4]

2. *But see* Menechino v. Warden, 27 N.Y.2d 376, 318 N.Y.S.2d 449, 267 N.E.2d 238 (1971). There, New York's highest state court, recognizing the gravity of parole revocation hearings, very recently held that New York parolees are guaranteed the right, under the federal constitution, to the assistance of counsel at such hearings.

3. "The board shall be required to hear oral statements from all persons desiring to be heard before the board and any person may be represented by counsel, provided that the board shall have the power to regulate procedure at all hearings." 1947 Montana Rev.Code § 94–9835 (Smith 1969).

4. High Pine's reply brief can be interpreted to allege a Sixth Amendment claim that he has been denied access to the legal materials necessary to prepare an adequate reply brief. Since, however, his basic contentions are without merit, he has suffered no prejudice as a result of any restrictions that may have been imposed on his access to legal materials. *Cf.* Haslam v. United States, 431 F.2d 362 (9th Cir. 1970).