Larry P. High PINE, Petitioner-
Appellant,

v.

W. J. ESTELLE, Jr., Warden of Montana
State Prison, et al., Respondents-
Appellees.

No. 71-2639.

United States Court of Appeals,
Ninth Circuit.

Nov. 27, 1972.

J. Robert Riley, Missoula, Mont., for petitioner-appellant.

Robert L. Woodahl, Atty. Gen., J. C. Weingartner, Deputy Atty. Gen., Helena, Mont., for respondents-appellees.

Before DUNIWAY, ELY and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was convicted in Montana state court on his plea of guilty of second degree murder, entered in 1960. He appeals from the denial of his petition for a writ of habeas corpus. He has exhausted his state remedies. *See* In re High Pine's Petition, 1964, 143 Mont. 453, 391 P.2d 690; Petition of High Pine, 1969, 153 Mont. 464, 457 P.2d 912; Petition of High Pine, 1970, 156 Mont. 300, 478 P.2d 859.[1]

In the petition before us appellant makes four claims. First, appellant argues that he did not voluntarily waive his right to counsel at his arraignment, or at a coroner's inquest, at which he neither testified nor asked questions. Nothing detrimental to him happened on either occasion. At the time when he was called upon to plead, and thereafter, he had counsel. No prejudice is shown. Favors v. Eyman, 9 Cir., 1972, 466 F.2d 1325 (1972).

---

1. In a prior petition to the District Court, denial of which we affirmed, High Pine v. Montana, 9 Cir., 1971, 439 F.2d 1093,

High Pine did not attack the validity of his 1960 conviction.

Second, appellant argues that he did not voluntarily waive his right to a preliminary hearing. He did waive it, but without counsel. There was in 1960 no right to a preliminary hearing in Montana, and the state could have proceeded against appellant even if he had prevailed at such a hearing. *See* State ex rel. Juhl v. District Court, 107 Mont. 309, 84 P.2d 979 (1938); Rev.Code Mont. § 94–6125 (1947). Appellant cannot rely upon Coleman v. Alabama (1970), 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387; it is not retroactive. Adams v. Illinois, (1972), 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202.

Third, appellant argues that his plea was not voluntary because he did not have the assistance of counsel, and the plea was the product of a coerced confession. He did have competent counsel. The confession was never used. McMann v. Richardson, 1970, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, Knowles v. Gladden, 9 Cir., 1967, 378 F.2d 761, 766.

Fourth, appellant argues that he did not know the charge against him or the consequences of his plea. The record shows that he did know. In 1968, appellant wrote a letter to the state judge in which he said:

> "Being faced with the charge of first degree murder and when the prosecuting attorney and Mr. Haines [sic] [appellant's since-deceased attorney] offered to make me a deal to plead guilty to second degree murder and to take a twenty year sentence, I felt it was too tempting to turn down."

Nor can appellant rely upon Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 and its progeny. It is not retroactive. Moss v. Craven, 9 Cir., 1970, 427 F.2d 139. The district judge examined the entire state record and heard appellant's testimony. He held that the plea was freely and voluntarily entered. We agree. Appellant got exactly what he bargained for.

Affirmed.