949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherman P. HAWKINS, Petitioner-Appellant,
v.
Henry RISLEY, Warden; Montana State Prison, Respondents-Appellees.
 No. 90-35800.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 4, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherman Hawkins appeals from the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that he was denied due process when the State of Montana sought his extradition from Arizona and revoked his prison work furlough status. We affirm.
 
 
 3
 Hawkins signed a valid waiver of his right to extradition. Having waived his right to challenge the legality of the State's grounds for extraditing him, Hawkins cannot assert that challenge now. Cf. Myers v. Rhay, 577 F.2d 504, 510 (9th Cir.) (per curiam), cert. denied, 439 U.S. 968 (1978); High Pine v. Montana, 439 F.2d 1093, 1094 & n. 1 (9th Cir.1971) (per curiam).
 
 
 4
 Hawkins' argument concerning the State's failure to grant him an on-site revocation hearing is belied by the fact that he signed a valid waiver giving up that right and consented to the hearing taking place at the MSP. We find no error in the district court's ruling in favor of the State on this point.
 
 
 5
 Hawkins' contention that his hearing was untimely is frivolous. By his own admission he was not returned to the Montana State Prison until some time on or after February 26, 1987, and his hearing was held on March 27, 1987, within the statutorily required thirty days.
 
 
 6
 Hawkins' argument that he was not provided with written notice of the charges against him at the hearing is meritless. Hawkins received written notice of the revocation hearing four days prior to its taking place, and the transcript of the revocation proceedings reveals not only that he had a copy of the reported charges against him at the time the hearing started, but that the panel read each of the charges aloud to Hawkins and gave him the opportunity to review the evidence against him, to address the panel and to cross-examine the State's only witness.
 
 
 7
 Hawkins' final argument is that he was denied counsel at his revocation hearing. While he appears to have this right under state law, see Rev.Code Mont. § 95-2226.1(2) (1947 & Supp.1977); Petition of Osier, 156 Mont. 165, 477 P.2d 344, 344 (1970) (per curiam), the State's failure to provide him with counsel at his hearing did not, under the facts of this case, constitute a deprivation of his federal due process rights.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3