## Petition of DAVID W. HART

No. 10930
Decided March 17, 1965.
399 P.2d 984.

David W. Hart, pro se.

PER CURIAM.

Petitioner, an inmate of the Montana State Prison, appearing pro se, has filed with this court what he called a petition for writ of error coram nobis. The matters recited in the petition actually apply to an application for a writ of habeas corpus and the court will treat it as such.

Petitioner alleges he was paroled to a detainer in the State of Washington, was in that state tried and sentenced, and after serving the sentence returned to Montana and was arrested on a warrant issued by the Board of Pardons as a parole violator. He contends that the Board of Pardons lost jurisdiction when petitioner was released to the custody of the State of Washington and that his arrest and confinement as a parole violator violated the due process and equal protection clauses of the 14th Amendment to the Constitution of the United States, and by reason thereof he should be released from prison.

Since the petition is devoid of the fact situation the court requested and has received from the Board of Pardons their complete file so that we may be advised with respect to these contentions of petitioner, and therefrom it appears that petitioner was sentenced to a term of three years for the crime of burglary in the first degree and received at the prison on October 29, 1962. A detainer had been filed from the State of Washington and it appears that on May 27, 1963, the Board of Pardons reviewed his case and advised him that he could be paroled to the detainer or could serve to his discharge date. Apparently petitioner was agreeable to being paroled to the detainer because on June 6, 1963, the Board of Pardons entered its order that he be granted parole, such parole to commence on June 14, 1963, and to be subject to the conditions established by the Board of Pardons. Petitioner accepted these conditions of his parole and affixed his signature thereto. In addition petitioner received the following special instructions:

"On parole, you will be picked up at the Institution by an officer from the State of Washington and transported there to face charges. If for any reason, you are released from custody prior to the expiration date shown above you should report immediately to the nearest adult Parole Authority and explain your situation to them. Failure to do so could result

in your being carried as a parole violator at large by this office and you would be returned to Montana State Prison to serve the remainder of your sentence."

Petitioner was returned to the State of Washington and was there sentenced to a term of six months in the county jail and fined $250. His fine was thereafter paid and he was discharged from a county jail and returned to Montana.

On November 18, 1963, he voluntarily reported to a parole officer at Billings, Montana. He was referred by the parole officer to possible employment at Billings, but he never went to see about the job, nor did he thereafter report to the parole officer though he was informed he would have to report once a month. On January 28, 1964, it was reported to the Board of Pardons that petitioner was in violation of his parole and the issuance of a warrant was requested and such warrant was issued on January 29, 1964. On February 18, 1964, petitioner was arrested at Billings, Montana, by the Montana Highway Patrol, while riding in a car with another ex-convict, both of whom showed signs of having been drinking and petitioner at first refused to get out of the car at the request of the arresting officer and after getting out became quite abusive.

On February 20, 1964, then represented by counsel, a writ of habeas corpus was issued by the District Court of Yellowstone County and a hearing was held thereon on February 26, 1964; evidence was taken and the matter taken under advisement until receipt of briefs of counsel; thereafter on March 18, 1964, the court found that petitioner was legally in custody of the sheriff by virtue of the warrant of the Board of Pardons and the court ordered that he be remanded to the custody of the sheriff to be held and returned to the custody of the warden of the Montana State Prison as provided and commanded by the warrant.

A parole is not required to be accepted by any prisoner if he does not desire it, nor if he does not wish to

accept the conditions of it. Here petitioner was advised by the Board of Pardons that they would grant his parole to the detainer or he could continue to serve his sentence; he accepted the parole to the detainer. He was well aware of the conditions attached to his parole and he evidenced this upon his return to Montana by reporting to a parole officer at Billings. He violated the terms of his parole and there has been no violation of due process or equal protection provisions of the Constitution. Parole is a privilege, not a right, and as such it requires assumption of the designated responsibilities that go with its granting. The Board of Pardons by its actions in this matter endeavored to assist petitioner by allowing him to satisfy the demands of two states at the same time and he did so. This did not mean that jurisdiction was lost, it was at all times retained. Had petitioner abided by the conditions of his parole no warrant would have ever issued, thus he alone is responsible for his present situation.

No merit appearing for the issuance of a writ, the same is denied and this proceeding is dismissed.