No. 80-194

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

JAMES P. CAVANAUGH AND
JAMES I. MESLER,

                    Petitioners,

        -vs-

ROGER W. CRIST, Warden, Montana
State Prison,

                    Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

        For Petitioners:

                James P. Cavanaugh, Pro Se, Deer Lodge, Montana
                James I. Mesler, Pro Se, Deer Lodge, Montana

        For Respondents:

                Hon. Mike Greely, Attorney General, Helena, Montana
                Donald White, County Attorney, Bozeman, Montana
                J. Fred Bourdeau, County Attorney, Great Falls, Montana

---

                        Submitted:  July 29, 1980

                          Decided:  AUG 14 1980

Filed:  AUG 14 1980

_____
Thomas J. Kearney, Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an original application for a writ of habeas corpus in which petitioners James Cavanaugh and James Mesler jointly challenge the constitutionality of section 46-18-202(2), MCA. That section permits district judges to sentence persons convicted of felonies to imprisonment with no possibility of parole or participation in the prisoner furlough program.

James Cavanaugh received concurrent sentences of one hundred years and twenty years for aggravated kidnapping and aggravated assault. James Mesler was sentenced to ten years for robbery. The district judges imposed the restrictions of section 46-18-202(2), MCA, on both petitioners. Both pleaded guilty to the offenses charged.

The application for habeas corpus relief alleges that section 46-18-202(2), MCA, is unconstitutional on equal protection, due process and vagueness grounds and as an unlawful delegation of legislative authority. Among the numerous contentions raised by petitioners is that their convictions and sentences are invalid. However, the constitutional attack on the statute is not an attack on the underlying convictions. The district judge's decision whether to impose the full restrictions of section 46-18-202(2) occurs subsequent to and does not affect the underlying conviction. Therefore, the issue presented is one of a sentencing statute. If it were to be found unconstitutional, the only appropriate remedy would be to remand for resentencing and not overturn the convictions.

This Court will address only the issue of whether the restrictions on petitioners' parole and prisoner furlough

-2-

eligibility imposed pursuant to section 46-18-202(2), MCA, are constitutional.

In 1977, the legislature amended section 95-2206, R.C.M. 1947, which set out the sentencing options available to a district judge by adding subdivision (3)(b). See Chapter 580, Laws of 1977. That provision, now section 46-18-202(2), MCA, states:

> "Whenever the district court imposes a sentence of imprisonment in the state prison for a term exceeding 1 year, the court may also impose the restriction that the defendant be ineligible for parole and participation in the prisoner furlough program while serving his term. If such a restriction is to be imposed, the court shall state the reasons for it in writing. If the court finds that the restriction is necessary for the protection of society, it shall impose the restriction as part of the sentence and the judgment shall contain a statement of the reasons for the restriction." (Emphasis added.)

The clear effect of section 46-18-202(2) is to permit a district judge to close one avenue for escaping the full force of a sentence. This complete restriction on parole and furlough program eligibility is distinct from the partial restriction that follows a determination by the District Court that a defendant is ineligible for designation as a nondangerous offender. See section 46-18-404, MCA. In the latter case, a defendant must serve at least one-half of his full term, less good time, to be eligible for parole. A defendant who is designated a nondangerous offender becomes eligible for parole after serving one-quarter of his full term, less good time. Section 46-23-201, MCA. Unless he is sentenced under section 46-18-202(2), MCA, a defendant may apply to participate in the furlough program after serving at least one-half of the time required to be considered for parole. Section 46-23-411, MCA.

-3-

Petitioners contend that section 46-18-202(2) fails to include procedural elements which they allege are required to meet due process standards. The elements presented are: (1) notice that a complete restriction on parole and furlough program eligibility may be imposed as a part of the sentence; (2) a jury trial specifically addressing this matter; and (3) proof beyond a reasonable doubt that the restriction is required.

Petitioners rely on decisions involving sentence enhancement statutes and cite Specht v. Patterson (1967), 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326, as controlling. In Specht the defendant was convicted of "indecent liberties" under a Colorado statute which carried a ten-year maximum sentence. The defendant, however, was sentenced under the state's Sex Offender Act which permitted an indeterminate term of from one day to life. His sentencing followed a separate commitment proceeding conducted pursuant to the act, to determine whether the defendant constitutes a threat of bodily harm to members of the public, or is an habitual offender and mentally ill. The defendant was not given notice or an opportunity to be heard as to that determination and argued that the due process clause was, therefore, violated. The Supreme Court agreed.

The Court found in Specht that the Colorado act required the trial court to determine a fact that was not an ingredient of the charged offense and compared the act's proceedings to "those under recidivist statutes where an habitual criminal issue is a 'distinct issue' . . . on which a defendant 'must receive reasonable notice and an opportunity to be heard.'" Specht v. Patterson, 386 U.S. at 610. The Court ruled where such commitment proceedings are involved,

-4-

due process requires the defendant to be present with counsel, to have an opportunity to be heard, to confront witnesses against him, and to present witnesses of his own.

Due process standards are required where a sentence is to be enhanced on the basis of a psychiatric evaluation and past behavior and pursuant to a separate act (as in Specht). It is not required for section 46-18-202(2), MCA. This statute is not a sentence enhancement statute. The statute does not permit district judges to add any time beyond the statutory maximum for the underlying offense. In this respect, section 46-18-202(2) is fundamentally different from the kinds of statutes examined in the cases petitioners cite. In Specht, for instance, while the underlying offense carried a ten-year maximum sentence, the Sex Offender Act permitted a sentence of from one day to life.

The Montana statute does not permit enhancement. It insures that the length of the penalty enacted by the legislature and imposed by the court is carried out. The restriction on parole and furlough eligibility permitted by section 46-18-202(2) has no existence beyond the term of the sentence imposed for the underlying offense. The Specht-type statute entails a proceeding which is separate from the ordinary sentencing proceeding. As the Supreme Court emphasized in Specht, the Colorado Sex Offender Act "makes one conviction the basis for commencing another proceeding under another Act . . ." 386 U.S. at 608.

Section 46-18-202(2), on the other hand, has no such effect. The restriction of parole and furlough program eligibility is "a part of the sentence" by the express terms of the statute and does not involve any proceeding except the ordinary sentencing proceeding. It represents one

option, among others, that the legislature has made available to district judges in the course of ordinary sentencing. The full restriction on parole and furlough eligibility permitted by section 46-18-202(2) has no existence apart from the sentence imposed for the underlying offense.

Petitioners further contend that section 46-18-202(2) is similar to the Specht-type statute in that the full restriction on parole and furlough program eligibility must be necessary for "the protection of society." They argue this is a fact determination that requires a jury.

District Courts are required to determine whether the full restriction on parole and furlough eligibility is necessary for "the protection of society" when a person is sentenced after conviction. This matter is not an element of determining whether the underlying offense was committed. After conviction, such considerations as to "protect society from the actions of the guilty" is a matter of the ordinary course of sentencing proceedings.

The source of the constitutional doctrine sanctioning the traditional relaxation of trial standards is Williams v. New York (1949), 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337. In Williams the defendant was convicted of murder and then sentenced to death, rather than life imprisonment, largely on the basis of background information contained in a pre-sentence report prepared by probation authorities. He challenged the sentence because he had been given no opportunity to confront and cross-examine the witnesses who supplied the information in the report. The Supreme Court upheld the sentence and approved the trial judge's use of such unchallenged evidence. It relied on a nonadversarial theory of penology in which punishment is individualized to fit the

offender and not merely the crime. The sentencing judge should be concerned with obtaining as much information about the defendant as possible, the Court asserted, and most information that courts relied upon in the "intelligent imposition of sentences" would become unavailable if it could be obtained only in open court and subject to cross-examination. Williams, 337 U.S. at 250.

The Supreme Court allowed very broad judicial discretion, based on the principle that courts should not be encumbered by the procedural formality required at trial. This remains the rule. The Specht court classified Williams as "a case where at the end of the trial and in the same proceeding the fixing of the penalty for first degree murder was involved." Specht, 386 U.S. at 606-607. Here is a case where the admissions of guilt and the fixing of the penalties for the crimes admitted were conducted in the same proceeding. The judge in Williams, in sentencing the defendant to death rather than life imprisonment, relied on the information in the presentence report. Since the Court in Specht specifically announced it would adhere to Williams, which permitted the judge to make such a finding on the basis of hearsay, then Williams is controlling in these facts. While the trial judge in Williams examined past events, he was doing so only to predict the defendant's future behavior rather than impose a separate punishment for past actions. The same is true here.

Federal courts have consistently declined to extend full procedural due process protections to defendants whose sentences were enhanced by federal statute. In United States v. Bowdach (5th Cir. 1977), 561 F.2d 1160, the court rejected the argument that such proceedings must include an

opportunity to have a jury determine the requisite facts.
See also United States v. Stewart (6th Cir. 1976), 531 F.2d
326, cert. denied, 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d
376; United States v. Holt (D. Tex. 1975), 397 F.Supp. 1397,
affirmed in part and vacated in part, (5th Cir. 1975), 537
F.2d 845, cert. denied, 429 U.S. 1051, 97 S.Ct. 764, 50
L.Ed.2d 767; United States v. Neary (7th Cir. 1977), 552 F.2d
1184, cert. denied, 434 U.S. 864, 98 S.Ct. 197, 54 L.Ed.2d
139.

In Hollis v. Smith (2nd Cir. 1978), 571 F.2d 685, 693,
the court said:

> "There is no authority . . . which holds that
> the procedure in proceedings relating solely to
> punishment, even when an additional fact has to
> be established, must conform precisely to those
> in proceedings relating to guilt, and we see no
> basis in principle for so holding. . ."

While there is no right to a jury trial on sentencing
or compelled attendance of persons supplying hearsay informa-
tion, Williams v. New York, supra, certain protections are
necessary in ordinary sentencing. A defendant has the right
to counsel at sentencing, Mempa v. Rhay (1967), 389 U.S.
128, 88 S.Ct. 254, 19 L.Ed.2d 336, and to have his sentence
based on accurate information, Townsend v. Burke (1948), 334
U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690. And, as this Court
held in State v. Stewart (1977), 175 Mont. 286, 573 P.2d
1138, 1139, a defendant has the right to be free from a
district judge's abuse of sentencing discretion. In addi-
tion, a district judge must now state reasons for the sen-
tence he imposed in the record in every case. State v.
Stumpf (1980), _____ Mont. ___, 609 P.2d 298, 37 St.Rep. 673.

Cavanaugh's sentence and judgment shows that he appeared
for sentencing, with counsel, approximately one month after

entering pleas of guilty to the charged offenses. Cavanaugh was given the opportunity to present evidence in mitigation of sentence at the sentencing hearing, but in fact, presented no evidence. Cavanaugh was given the opportunity to address the court before sentence was imposed. He declined to do so. Material appearing in the presentence report, including his past felony record, was summarized by the court. Cavanaugh was asked if there was any legal cause why sentencing should not be imposed. He offered nothing.

Mesler's record indicates likewise. Mesler, with the concurrence of counsel, waived a presentence report. He testified at the sentencing proceeding. Both petitioners were accorded all the procedural protections required by the court.

Petitioners contend that section 46-18-202(2), MCA, denies equal protection because it provides different punishments, or different degrees of punishment, for different persons for the same act. This Court recognizes that virtually every sentencing provision has this effect. As the Supreme Court noted in Williams, the "prevalent modern philosophy of penology [is] that the punishment should fit the offender and not merely the crime." Furthermore, "[t]he belief no longer prevails that every offense in like legal category calls for an identical punishment without regard to past life and habits of a particular offender." 337 U.S. at 247.

Parole and participation in the furlough program, both of which relate to punishment, are privileges--matters of grace, not rights. Lopez v. Crist (1978), ____ Mont. ____, 578 P.2d 312, 314, 35 St.Rep. 622; Petition of Hart (1965), 145 Mont. 203, 206, 399 P.2d 984. The district judges did

-9-

not deprive petitioners of a right when they decided that petitioners should be imprisoned with no possibility of parole or participation in the furlough program. The district judges withheld grace. Section 46-28-202(2), MCA, which allows a district judge to restrict conditional release, does not single out a class without rationality. Individualized sentencing goals must be met. Any kind of conditional release necessarily involves the risk that parolees "will not be able to live in society without committing additional anti-social acts." Morrissey v. Brewer (1972), 408 U.S. 471, 483, 92 S.Ct. 2593, 33 L.Ed.2d 484.

Petitioners also claim that section 46-18-202(2) must fall because it is too vague in defining the supposed "offense" citing Lanzetta v. New Jersey (1939), 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888. Petitioners are misled. Section 46-18-202(2) does not define an offense. It is invoked not so much on the basis of past acts as on the basis of a prediction of future behavior. It focuses on the offender, not on a particular offense. It does not create a new offense; nor does it forbid or require the doing of an act. Its sole purpose is to permit a district judge, in the course of ordinary sentencing, to determine that a defendant should serve his full sentence for the protection of society.

Finally, petitioners contend that section 46-18-202(2) unlawfully delegates legislative authority to the judicial and executive branches of government. The real thrust of this argument appears to be that section 46-18-202(2) vests too much discretion in district judges and prosecuting attorneys. Petitioners allude to prosecutorial vindictiveness in the use of this statute as a device to punish defendants who choose to go to trial rather than plead guilty.

The fact that both petitioners here did plead guilty and were subsequently sentenced without possibility of parole or participation in the furlough program is convincing evidence to the contrary.

District judges, not county prosecutors, determine the punishment that is imposed following conviction. Petitioners' allegation that prosecuting attorneys somehow induce district judges into restricting parole and furlough program eligibility ignores the plain language of the statute (". . . the court may also impose the restriction . . ."). While a recommendation might be made in a given case that the full restriction permitted by section 46-18-202(2) should be imposed, the determination whether to do so is manifestly the district judge's alone.

This Court finds the contention that excessive judicial discretion exists in permitting district judges to choose to fully restrict parole and furlough participation is without merit. A district judge is particularly well positioned to predict whether the restriction is necessary for the protection of society in light of the offender's personal and criminal history, apparent willingness to conform his behavior to society's rules, and other facts that are commonly weighed in sentencing.

For the reasons set forth petitioners' application for a writ of habeas corpus is denied.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea will file a special concurring
opinion later.