MR. JUSTICE GULBRANDSON
dissenting:
I respectfully dissent.
In my view, the majority has departed from long-standing practice and has adopted a new Rule of Criminal Procedure. The majority declares, “We therefore adopt the previously discussed standards of the American Bar Association on F.R.Civ.P. 11(e)(4), and require the trial judge, who accepts a plea, but rejects any other portion of the plea bargain, to afford the opportunity to withdraw his guilty plea and enter a plea of not guilty.”
The adoption of this rule goes far beyond the issue raised on this appeal. Counsel for defendant Cavanaugh has not contended that the or suggested that the above standards be adopted by this Court.
The sole issue was “That Defendant’s Guilty Plea was not done voluntarily, intelligently, knowingly and with an understanding of the consequences of his plea and therefore should be vacated.” The main thrust of defendant’s argument is that he was not told, until just prior to sentencing, that the sentencing judge could declare him ineligible for parole, or for the prison furlough system, and he did not understand the consequences of his guilty plea.
Section 46-16-105, MCA, states that the plea of guilty may be accepted when the court has informed the defendant of the consequences of his plea. Other courts have distinguished between direct consequences of the guilty plea, of which the defendant must be told, and those collateral consequences of the guilty plea, of which the defendant need not be told in order for his guilty plea to be valid. Durant v. United States (1st Cir. 1969), 410 F.2d 689; Spradley v. United States (5th Cir. 1970), 421 P.2d 1043. Ineligibility for parole was not a direct and necessary corollary to Cavanaugh’s guilty plea. Ineligibility for parole was a “consequence” of the serious nature of the crimes Cavanaugh *246 committed and his prior record of five felony and ten misdemeanor convictions as set forth in the presentence report.
Parole and participation in the supervised release program, both of which relate to punishment, are privileges — matters of grace, not rights. Lopez v. Crist, (Mont. 1978), 176 Mont. 352, 578 P.2d 312, 314, 35 St.Rep. 622, 624; Petition of Hart (1965), 145 Mont. 203, 206, 399 P.2d 984, 985. When Cavanaugh earlier challenged the constitutionality of Section 46-18-202(2), MCA, this Court answered: “The district judges did not deprive petitioners of a right when they decided that petitioners should be imprisoned with no possibility of parole or in the furlough program. The district judge withheld grace.” Cavanaugh v. Crist (Mont. 1980), 615 P.2d at 895, 37 St.Rep. 1466. Cavanaugh was told of the maximum possible punishment, but argues that he should have been told that maximum meant maximum and there was a possibility that legislative grace of actual a lesser amount of time might be withheld.
The issue presented by Cavanaugh’s appeal is similar to that addressed in State v. McGuire, No. 82-156-M (D. Mont, filed April 27, 1983.) Ini McGuire, the question presented to the Court was whether a conviction should be set aside because petitioner was unaware that his prior conviction might cause him to be designated as a dangerous offender and that such a designation would affect his eligibility for parole. The McGuire Court stated that:
“The law is clear that a valid plea of guilty requires that the defendant be made aware of all ‘the direct consequences of his plea.’ Wade v. Coiner (4th Cir. 1972), 468 F.2d 1059, 1060. By the same token, it is equally well settled that, before pleading, the defendant need not be advised of all collateral consequences of his plea, or, as one Court has phrased it, of all ‘possible ancillary or consequential results which are peculiar to the individual and which may flow from a conviction of a plea of guilty,. . . .” Id. at 3, n. 1.
“The question of the designation of the defendant as dan *247 gerous or nondangerous does not arise until the time of sentencing. See Section 46-18-404, MCA, Id.at 3, n.2.”
The McGuire Court went on to state: “The problem of how a state shall designate offenders and what effect that designation shall have upon parole is solely a question for the state legislature and the state courts. There is simply no problem of federal constitutional law.” Id. at 4.
The possibility of ineligibility for parole, like the possibility of designation as a dangerous offender, is a discretionary sentencing alternative. They are not direct consequences of the guilty plea and therefore the court should not be required to inform the defendant of these possibilities at the entry of the guilty plea. I would affirm the decision of the District Judge, and would defer to the Legislature on the issue of adopting the described standards.
MR. JUSTICE HARRISON, dissenting.
I join with Mr. Justice Gulbrandson in the foregoing dissent.