James William STIDHAM, Appellant,

v.

Donald W. WYRICK, Warden, Missouri State Penitentiary, Appellee.

No. 77–1437.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 23, 1977.

Decided Dec. 29, 1977.

James William Stidham, pro se.

John D. Ashcroft, Atty. Gen. and Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

James William Stidham appeals from the district court's [1] denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The issue presented is whether the procedures employed to revoke Stidham's parole complied with due process. We affirm.

Stidham was incarcerated in the Missouri State Penitentiary pursuant to his conviction in state court in 1955. *State v. Stidham*, 305 S.W.2d 7 (Mo.1957). On January 19, 1976, Stidham was released on parole under the conditions, *inter alia*, that he report regularly as directed to his parole officer, that he obtain permission from his parole officer before moving from his specified address in St. Louis, Missouri, and that he obtain permission from his parole officer before leaving the state. When Stidham did not report to his parole officer following his release, a parole violation warrant issued. Stidham was arrested pursuant to this warrant on February 13, 1976, in Long Beach, California. On April 20, 1976, the Superior Court of Long Beach ordered Stidham's extradition to Missouri. A parole revocation hearing was scheduled for May 12, 1976, following Stidham's return to the Missouri State Penitentiary. At Stidham's request the hearing was postponed until June 15, 1976, after which Stidham's parole was revoked.

Stidham argues that he was denied due process because he did not receive a preliminary or probable cause revocation hearing. In *Morrissey v. Brewer*, 408 U.S. 471, 485, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court stated that a parolee is entitled to a preliminary hearing to determine whether probable cause or reasonable ground exists to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions. In the instant case it was necessary for Stidham to obtain permission from his parole officer before leaving the state of Missouri. When Stidham made no contact with his parole officer following his release, a parole violation warrant issued. Under these circumstances, Stidham's subsequent presence in California was itself sufficient

1. The Honorable William R. Collinson, United States District Judge for the Western District of Missouri.

to establish that probable cause or reasonable ground existed to believe that Stidham had committed an act which constituted a violation of his parole conditions. Therefore, it is our view that the rationale of *Morrissey* did not require a probable cause revocation hearing. It follows that Stidham was not denied due process by the omission of the probable cause revocation hearing.

■ Stidham raises various other issues concerning the final revocation hearing held after his return to Missouri. First, Stidham contends that he should have been provided with copies of the evidence to be used against him prior to the hearing. The district court stated, and we agree, that "*Morrissey* requires that the evidence against the parolee be disclosed to him. * * * Although he did not receive copies of [some of] the documents relied upon at the hearing, he was a party to the incidents reported in each of them and none of them presented evidence of which he had no prior knowledge." *Stidham v. Wyrick*, No. 76CV705–W–2–R, slip op. at 9 (W.D.Mo. April 28, 1977). Under those circumstances, we find no due process violation.

■ The second deficiency of the final revocation hearing alleged by Stidham is that he was denied his right to counsel. In *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 1763, 36 L.Ed.2d 656 (1973), the Supreme Court stated "that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system." We conclude that the parole board did not abuse its discretion.

■ As a third deficiency of the final revocation hearing, Stidham claims that he was denied the right to confront witnesses.

The only witnesses Stidham requested were the two parole officers who prepared Stidham's parole violation report. The parole violation report was considered as evidence at the hearing. While *Morrissey* indicates that in most cases parole authorities are to testify to the facts so that the contesting party may have the opportunity to cross-examine them, the "process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Morrissey v. Brewer, suppra*, 408 U.S. at 489, 92 S.Ct. at 2604. We agree with the district court that the refusal of the board to call the two parole officers was not a violation of due process.

■ Finally,[2] Stidham claims he was denied the right to present favorable witnesses. As previously discussed, the only two witnesses Stidham requested were the two parole officers who prepared Stidham's parole violation report. Their testimony would not have been favorable to Stidham, and Stidham makes no claim that their testimony would have aided his presentation in any matter. We agree with the district court that the dictates of *Morrissey* were not violated by this alleged deficiency.[3]

The district court's denial of Stidham's petition for a writ of habeas corpus is affirmed.

---

2. Although Stidham additionally contends that there was no evidence introduced at the hearing which would prove he violated his parole, we find this contention without merit.

3. In his petition for habeas corpus before the district court, Stidham alleged that his probation was made contingent on his agreeing to become a resident of Madagla House in St. Louis, Missouri, a halfway house which he alleged was operated in an unconstitutional manner. The district court did not rule on this allegation and Stidham did not raise the issue on appeal. We, therefore, express no opinion with respect to it.