Moses J. CHILEMBWE, Appellant,

v.

Donald WYRICK, Warden, Appellee.

No. 77–1963.

United States Court of Appeals, Eighth Circuit.

Submitted May 1, 1978.

Decided May 8, 1978.

Moses J. Chilembwe, pro se.

John D. Ashcroft, Atty. Gen., and Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Moses J. Chilembwe appeals from the denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254, attacking the legality of the revocation of his probation. We affirm.

Chilembwe pleaded guilty to first degree robbery in the Circuit Court of St. Louis County, Missouri, on March 30, 1973, and was sentenced to eight years imprisonment. Sentence was suspended and Chilembwe was placed on five years probation.

On October 1, 1974, Chilembwe's probation officer filed a violation report alleging that Chilembwe had violated four conditions of his probation by failing to obtain permission before leaving Missouri, failing to notify his probation officer of any change in his residence, using unprescribed narcotics, and failing to report regularly. On October 12, 1974, Chilembwe was arrested in Clark County, Nevada. He challenged extradition proceedings and was not returned to Missouri until March of 1975. On June 6, 1975, a probation revocation hearing was held, probation was revoked, and the sentence of imprisonment was executed.

In his habeas corpus petition Chilembwe challenged the jurisdiction of the Missouri state court to enter the order revoking his probation and contended that the revocation proceedings violated his rights to due process in several respects. The district court dismissed the petition.

On appeal Chilembwe raises only one allegation of error that merits discussion.[1] He contends that he was denied due

---

1. Moses J. Chilembwe continues to challenge the jurisdiction of the Missouri court to revoke his probation in light of his pending habeas corpus petition in the United States District Court for the District of Nevada. This contention is without merit. There is no doubt that

process of law because he did not receive a preliminary revocation hearing as required by the Supreme Court's holding in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). It is undisputed that Chilembwe requested a preliminary hearing sometime after his arrival in Missouri but did not receive one.

 The fundamental purpose of a preliminary hearing is to determine whether there is probable cause to believe that the detained probationer has committed acts which violate the conditions of his probation. *Cf. Morrissey v. Brewer,* 408 U.S. 471, 485, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).[2] This court holds that where obtaining permission before leaving the state is a condition of parole, a parolee's presence in another state without such permission is sufficient probable cause to believe he committed an act which constituted a violation of his parole such that a preliminary probable cause hearing is not required. *Stidham v. Wyrick,* 567 F.2d 836 (8th Cir. 1977). This precedent controls our decision here since there are no differences relevant to due process between parole revocation and probation revocation. *See Gagnon v. Scarpelli, supra,* 411 U.S. at 782, 93 S.Ct. 1756.

The judgment is affirmed.

LAY, Circuit Judge, concurring.

I concur in the result reached. I am satisfied preliminary cause was established for the revocation of Chilembwe's probation; however, the holding of a final revocation hearing may not justify the denial of a preliminary factual hearing to establish the existence of probable cause at the site of arrest of either a parolee or of an individual on probation.

In *Stidham v. Wyrick,* 567 F.2d 836 (8th Cir. 1977), we held that a preliminary hearing was not necessary to determine whether probable cause or reasonable grounds exists to find a parole violation when the parolee is found in another state contrary to the condition of his parole. I do not read *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), or *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), to hold, even under these circumstances, that a preliminary hearing is not needed. The purpose of the on-the-site hearing is to avoid the possibility of any mistake or misunderstanding which might arise and the concomitant hardship resulting from returning the parolee to prison. A parolee may be able to show mitigating circumstances which would alter the initial decision to revoke the parole. For example, the inability to notify the officer of a dire emergency or some misunderstanding by the parolee or officer might possibly be aired at the situs of arrest. The burden placed upon the authorities by *Morrissey* and *Gagnon* is not so great that their requirements could not be recognized at all times under all circumstances.

---

once Chilembwe was before the Missouri court it had personal jurisdiction over him. *See Bistram v. United States,* 253 F.2d 610, 612 (8th Cir. 1958), *quoted in Evans v. United States,* 325 F.2d 596, 602 (8th Cir. 1963), *cert. denied,* 377 U.S. 968, 84 S.Ct. 1649, 12 L.Ed.2d 738 (1964). Chilembwe does not challenge the state court's subject matter jurisdiction. His contention that the federal jurisdiction was obstructed or "usurped" by his removal to Missouri is frivolous since the Nevada federal court did exercise its jurisdiction.

We have also reviewed Chilembwe's other due process contentions and find them to be without merit.

2. In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) the Supreme Court was dealing with a parole violation. However, the same principles apply to probationers. *See Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).