No. 84-547

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

DANNE WILLIAM OWENS,

         Petitioner,

  -vs-

HENRY RISLEY,

         Respondent.

_____

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

        For Petitioner:

           Conde F. Mackay, Public Defender, Anaconda, Montana

        For Respondent:

           Mike Greely, Attorney General, Helena, Montana
           Karl Nagel, Dept. of Institutions, Helena, Montana

_____

        Submitted: April 9, 1985

         Decided: July 2, 1985

Filed: JUL 2 1985

Ethel M. Harrison

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Defendant, Danne William Owens, was convicted of burglary and sentenced to ten years at the Montana State Prison on May 27, 1981. He was paroled June 23, 1983, on the condition that he enter and complete the Lighthouse Program at Galen State Hospital. Defendant entered Galen on June 27, 1983, and at 7:15 p.m. that evening was reported missing.

Defendant's supervising parole officer issued a report of violation on July 5, 1983. Defendant was subsequently arrested in Bellevue, Washington, on October 11, 1983. Following extradition, defendant was returned to Montana State Prison on December 3, 1983, and a final parole revocation hearing was held December 29, 1983. Defendant's parole was revoked at that hearing.

Defendant filed a pro se petition for a writ of habeas corpus with this Court on December 19, 1984. The Department of Institutions responded on January 23, 1985. We then issued an order on January 30, 1985, remanding this case to the Third Judicial District Court for an evidentiary hearing to determine if petitioner received a preliminary on-site hearing for parole violation, pursuant to § 46-23-1024, MCA. That hearing was held March 7, 1985. A stipulation was entered into by both parties stating that no such preliminary on-site hearing had been held and that defendant had not waived his right to such a hearing.

In his petition for a writ of habeas corpus and memorandum in support, defendant raises two basic issues:

1. Whether defendant was wrongfully denied a preliminary on-site hearing on the revocation of his appeal; and

2. Whether defendant was denied his due process rights enunciated in Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, at his final revocation hearing?

The State conceded that defendant received no preliminary on-site hearing. However, the State contends that no hearing was required because defendant had absconded from supervision and was arrested in another jurisdiction where he had no permission to be. Since the fact of his arrest in another jurisdiction established probable cause that Owens had violated his parole (he obviously was not at the Lighthouse Project in Galen), there was no need to hold a preliminary hearing on the issue of whether or not probable cause existed.

Regarding issue number two, the State contends first that defendant was not constitutionally entitled to an attorney, and second, that Owens was given every opportunity to present evidence or witnesses on his behalf, but failed to do so.

A preliminary on-site hearing was not necessary in this situation. The purpose of an on-site hearing is to "determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions. Cf. Goldberg v. Kelly, 397 U.S., at 267-271, 90 S.Ct. at 1020-1022, 25 L.Ed.2d at 287." Morrissey v. Brewer, 408 U.S. at 485, 92 S.Ct. at 2602, 33 L.Ed.2d at 497. The Eighth Circuit has held that "where obtaining permission before leaving the state is a condition of parole, a parolee's presence in another state without such permission is sufficient probable cause to believe he committed an act which constituted a violation of his parole such that a preliminary

3

probable cause hearing is not required." (Citation omitted.) Chilembwe v. Wyrick (8th Cir. 1978), 574 F.2d 985, 987.

In a special concurrence to Chilembwe, supra, Judge Lay raises an important issue. He believes Morrissey to require an on-site hearing in order to avoid:

> "the possibility of any mistake or misunderstanding which might arise and the concomitant hardship resulting from returning the parolee to prison. A parolee may be able to show mitigating circumstances which would alter the initial decision to revoke the parole. For example, the inability to notify the officer of a dire emergency or some misunderstanding by the parolee or officer might possibly be aired at the situs of arrest." Chilembwe, 574 F.2d at 987.

However, here defendant's presence in another state clearly established probable cause that defendant had violated his parole. Not only was he not suppose to be outside of Montana, he was not suppose to be away from Galen State Hospital. He would have had no mitigating circumstance or misunderstanding to voice at an on-site hearing.

Regarding issue two, there is clearly no constitutional right to counsel at a final parole revocation hearing. Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656; Petition of Spurlock (1969), 153 Mont. 475, 458 P.2d 80; Petition of High Pine (1969), 153 Mont. 464, 457 P.2d 912. However, the United States Supreme Court stated in Gagnon, supra, that:

> "We think . . . that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness--the touchstone of due process--will require that the State provide at its expense counsel for

4

indigent probationers or parolees." 411 U.S. at 790, 93 S.Ct. at 1763, 36 L.Ed.2d at 666.

Montana law provides for such a case-by-case determination. A.R.M. § 20.25.801(4) states:

"If not represented by counsel, an indigent parolee may request such, and a decision on the request will be rendered by the board after due consideration."

Where, as here, defendant has admitted violating a condition of parole and is capable of speaking effectively for himself, there is no abuse of discretion by the Board in refusing to grant defendant counsel. See Barton v. Malley (10th Cir. 1980), 626 F.2d 151, 158.

Finally, defendant was not denied an opportunity to present his case. Defendant was asked one question, whether or not he had violated parole. He answered yes. The Board then pronounced that defendant's parole would be revoked. Defendant subsequently declined the opportunity to speak, stating that he would wait for "a court of law." Since defendant admitted violating a condition of his parole and declined the opportunity to defend himself, there was no error.

The revocation of defendant's parole is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

5

Justices