No. 85-299

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

GARY JOSEPH SWAN,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Neil M. Leitch, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
John Paulson, Asst. Atty. General, Helena
Robert Deschamps, III, County Attorney, Missoula,
Montana: Michael Sehestedt, Deputy County Attorney,
Missoula, Montana

Submitted on Briefs: Sept. 12, 1985

Decided:February 11, 1986

Filed: FEB 11 1986

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Gary Joseph Swan, the defendant, appeals the revocation of his suspended sentence. Defendant claims that he was denied due process when he was not afforded a preliminary or probable cause hearing prior to the probation revocation hearing; that he was denied due process when the State filed charges in District Court; and that § 46-23-1013, MCA, setting forth a District Court's action after the arrest of a probationer for a probation violation, is unconstitutional. We affirm the revocation of defendant's probation.

On September 30, 1982, the Missoula County District Court sentenced defendant to a term of 49½ years in the Montana State Prison for the crime of attempted sexual intercourse without consent. The District Court suspended all but the time defendant had served under an earlier conviction which had been reversed and remanded by this Court. State v. Swan (1982), 199 Mont. 459, 649 P.2d 1297. He was then placed on probation.

A Choteau County deputy sheriff arrested the defendant on May 17, 1984, after the defendant's niece reported that he had forced her to have sexual intercourse with him. The District Court file does not contain any information about the subsequent proceedings in Choteau County. Defendant states that he was charged with the offense of sexual intercourse without consent and remained in custody pending trial. Apparently, this charge was dismissed on December 3, 1984.

On November 27, 1984, a deputy county attorney for Missoula County filed a petition to revoke defendant's probation, alleging that defendant had violated the terms of

2

his probation by committing the offense of sexual intercourse without consent. He also filed an affidavit in support of the petition setting forth in detail the allegations against defendant. The District Court then issued a bench warrant for defendant's arrest. The defendant was arrested and taken to Missoula County jail on November 30, 1984 and brought before the District Court and advised of his rights regarding the petition on December 3, 1984. At this time he requested that counsel be appointed. Defendant and his court appointed counsel appeared before the District Court on December 10, 1984, and again on December 12, 1984 where he denied the allegations of the petition. The case was then referred to a sentencing judge for further proceedings.

On January 3, 1985, Judge Harkin held a status conference with the parties. The District Court granted the defendant's motion for more time to review the evidence. On January 15, 1985, defendant filed a motion to dismiss for failure to afford him due process, a motion to require the complaining witness to be present at the revocation hearing and a petition for writ of habeas corpus. The District Court held a hearing to consider the motions and petition. The court denied defendant's request to be released, finding that defendant had been afforded a preliminary showing of probable cause at the time the court examined the State's petition and affidavit. At that hearing, held on January 17, 1985, counsel for the defendant declined the court's offer to hear and determine the sufficiency of the evidence indicating probable cause. The District Court then held the revocation hearing on January 29 and 30, 1985 and concluded defendant had violated his probation. His suspended sentence was

revoked and he entered the State Prison to serve the balance of his sentence.

Defendant raises three issues on appeal:

(1) Whether he was denied due process when he was not afforded a preliminary or probable cause hearing prior to his probation revocation hearing.

(2) Whether he was denied due process when the State filed charges against defendant in District Court.

(3) Whether § 46-23-1013, MCA, is unconstitutional.

In the first issue, defendant contends that he was not granted a prompt, on-site preliminary hearing on whether probable cause existed to hold him for probation revocation proceedings. He evidently reads Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, and Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, as requiring a preliminary hearing immediately after his arrest for the felony, even though no petition to revoke his probation was filed until about six months later. This approach confuses the procedural rights which arise following an arrest for an offense and those which arise following an arrest pursuant to a petition to revoke probation. The arrest and subsequent detention for the underlying offense is not at issue in this appeal and the facts relevant to that arrest and detention are not in the record. Our inquiry begins with the filing of the petition to revoke defendant's probation on November 27, 1984, and concerns the procedural rights due after the filing of such petition.

Defendant relies heavily on Morrissey and Gagnon, supra, which set out the due process requirements generally applicable to proceedings to revoke probation or parole. The minimum due process requirements for revoking parole include:

4

> (a) written notice of the claimed
> violations of parole; (b) disclosure to
> the parolee of evidence against him; (c)
> opportunity to be heard in person and to
> present witnesses and documentary
> evidence; (d) the right to confront and
> cross-examine adverse witnesses (unless
> the hearing officer specifically finds
> good cause for not allowing
> confrontation); (e) a "neutral and
> detached" hearing body such as a
> traditional parole board, members of
> which need not be judicial officers or
> lawyers; and (f) a written statement by
> the factfinders as to the evidence relied
> on and reasons for revoking parole.

Morrissey, 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499. Gagnon, 411 U.S. at 786, 93 S.Ct. at 1761-1762, 36 L.Ed.2d at 664, extended these requirements to probation revocations; held that the state was not required to provide counsel for indigents in all probation revocation proceedings; and held that a defendant was entitled to a preliminary hearing on probable cause in addition to the final hearing on revocation. In Petition of Meidinger (1975), 168 Mont. 7, 539 P.2d 1185, this Court noted that Morrissey and Gagnon involved decisions of administrative boards rather than a judicial decision by the sentencing judge as authorized by statute. Montana's method of probation revocation thus "provides an inherent sort of fairness which is not achieved through a solely administrative process." Meidinger, 168 Mont. at 13, 539 P.2d at 1189. In Meidinger, we held that a preliminary hearing was not necessary to insure protection of the rights of the accused where no detention of the accused occurred. The issue of whether such a hearing is required under Montana's method where detention has occurred was not addressed.

5

The purpose of the preliminary hearing is to determine whether there is probable cause to believe that the accused committed a probation violation. Owens v. Risley (Mont. 1985), 702 P.2d 1, 42 St.Rep. 1000. The reason for holding this hearing in addition to the revocation hearing is due to a concern for promptness. "There is typically a substantial time lag between the arrest and the eventual determination by the parole board whether parole should be revoked." Morrissey, 408 U.S. at 485, 92 S.Ct. at 2602, 33 L.Ed.2d at 496. The requirement that it be at or near the place of the alleged violation stems from "the possibility of any mistake or misunderstanding which might arise and the concomitant hardship resulting from returning the parolee to prison." Chilembwe v. Wyrick (8th Cir. 1978), 574 F.2d 985, 987, cited in Owens, 702 P.2d at 2, 42 St.Rep. at 1002. Morrissey also states that due process requires an independent decisionmaker, not necessarily a judicial officer, notice of the place and purpose of the hearing and the alleged violations.

Montana's system for dealing with probation violations is set forth in §§ 46-23-1012 and -1013, MCA. A defendant is taken into custody when a court issues a warrant for the arrest of the defendant for violation of conditions of probation. A warrantless arrest can occur only when the defendant is given a written statement about the circumstances of the violation. After the defendant has been detained, he is brought before the court "without unnecessary delay for a hearing on the violation charged." Section 46-23-1013(1), MCA. No two-stage hearing process is necessary under this system because the reasons for having a preliminary hearing are absent. The revocation hearing is

6

held promptly, before a defendant is returned to prison. The defendant receives notice of the hearing and of the alleged violations. Finally, the hearing is held before a judge, rather than an administrative body, providing additional protection for the defendant.

There is no question here that the revocation hearing satisfies the requirements of Morrissey and Gagnon, supra. In the case at bar, the defendant was afforded the process contained in the statutes. In addition, he was represented by court appointed counsel. At his third appearance, four weeks after his transfer to Missoula County jail, defendant's counsel declined the District Court's offer to hear evidence concerning lack of probable cause to hold defendant on the alleged violation. The District Court also noted that the issuance of the bench warrant after an examination by an impartial judicial officer of the affidavit and petition afforded the defendant a preliminary showing of probable cause. Under these circumstances, we hold the defendant was not denied due process for the State's failure to provide an appearance denominated as a preliminary or probable cause hearing.

In his second issue, the defendant contends that the filing of a petition and affidavit to revoke probation in District Court circumvents the process due defendant. This procedure afforded him the same judicial determination of probable cause that an unconvicted defendant receives in a criminal proceeding. There is no reason to afford a probationer any more due process than that which is guaranteed to an unconvicted defendant. We hold that the statutory procedure which was followed here, did not deny defendant due process.

7

Defendant challenges the constitutionality of § 46-23-1013, MCA, for not specifically providing a preliminary hearing in his final issue. This statute sets forth the procedure to follow after the arrest of a probationer for a violation of his probation. As we held above, this statutory procedure affords due process to the defendant. Therefore, § 46-23-1013, MCA, is not unconstitutional.

The decision of the District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

8