No. 85-293
85-399

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

No. 85-293

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

MICHAEL HOWELL,

Defendant and Appellant.

No. 85-399

IN THE MATTER OF
MICHAEL HOWELL,
                 Petitioner,

-vs-

HENRY RISLEY, Warden, Montana
State Prison,
                 Respondent.

APPEAL FROM:   District Court of the Twentieth Judicial District,
               In and for the County of Sanders,
               The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

       For Appellant/Petitioner:

       Thomas Alan Kragh, Polson, Montana

       For Respondent:

               Hon. Mike Greely, Attorney General, Helena, Montana
               Joe R. Roberts, Asst. Attorney General, Helena
               Claude Burlingame, County Attorney, Thompson Falls,
               Montana

Submitted on Briefs: April 4, 1986

Decided: June 19, 1986

Filed:   JUN 19 1986

*Ethel M. Harrison*

Clerk

OPINION AND ORDER

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Michael Howell petitioned this Court for a writ of habeas corpus in Cause No. 85-399. Howell claims his imprisonment is unlawful because he was not provided a preliminary on-site hearing as required by § 46-23-1103, MCA, and the due process clauses of the federal and state constitutions.

We remanded to the District Court of the Twentieth Judicial District, Sanders County, for an evidentiary hearing. We also stayed petitioner's related appeal in Cause No. 85-293 until final judgment is entered on the writ of habeas corpus. The evidentiary hearing was held before the Hon. C. B. McNeil, who filed findings of fact and conclusions of law with this Court.

Michael Howell was convicted of four counts of aggravated assault in Sanders County District Court on January 19, 1984. He was given a 20 year suspended sentence, and placed on probation in Montana. In April, 1984, his probation was transferred to Sandpoint, Idaho, pursuant to the Uniform Act for Out-of-State Parolee Supervision in § 46-23-1101, MCA, et seq.

On September 19, 1984, Howell assaulted his wife. Howell was arrested by the Sandpoint Police Department pursuant to an agent's warrant issued by his Idaho probation officer charging him with violation of his probation. On September 21, 1984, Howell's Idaho probation officer sent a

Special Report to Montana which recommended Montana take immediate action to revoke probation and sentence Howell.

On September 25, the agent's warrant was lifted and the Idaho deputy prosecuting attorney file a charge against Howell for aggravated battery. On September 26, he was arraigned in Idaho for aggravated battery. Meanwhile, on October 1, 1984, Montana authorities filed a petition to revoke probation. On October 1, Howell was transported to the state line by Idaho authorities and retaken by Montana authorities. Upon his arrival in Montana, Howell's Montana probation officer authorized a probation violation hold on Howell. The next day District Judge Wheelis issued a bench warrant for Howell's arrest for probation violations. On October 23, he was arraigned for the probation violations. A hearing on the petition was held on January 22. It was adjourned until February 5 to secure the attendance of witnesses. On February 11, District Judge McNeil entered his findings of fact and conclusions of law. On March 12, Howell's probation was revoked and he was sentenced to serve 20 years. After his probation was revoked in Montana, Idaho dropped the aggravated battery charges against Howell.

Petitioner contends he was denied due process because he was not given a preliminary hearing in Idaho before he was returned to Montana as required by Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 and Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. He argues § 46-23-1103, MCA, requires a probationer be given an on-site hearing before he is returned to the sending state, and that the failure to do so means he should be reinstated on parole. The State distinguishes

Morrissey and argues that Howell was accorded fundamental fairness.

When Howell filed his petition for habeas corpus with this Court, we remanded the same to the District Court, Twentieth Judicial District, Sanders County, for hearing on the fact issues raised by the petitioner in his petition for habeas corpus relief. We requested the District Court to prepare and file its written findings of fact and recommendation for disposition of the petition. At the same time we denied petitioner's motion for reasonable bail and stayed his appeal in Cause No. 85-293 until the further order of this Court.

The District Court held a hearing, and prepared findings of fact and a recommendation which it did return to us. It found facts substantially as we have reported in the foregoing recitation.

The District Court recommended that we deny the petition for habeas corpus. It based its recommendation principally upon the provisions of § 46-23-1102(3), MCA, which in effect provides that if Montana sends a person on probation or parole into another state and decides to retake that person to Montana the decision to retake is conclusive upon and not reviewable within the receiving state, in this case the State of Idaho.

Section 46-23-1102, MCA is a part of the Uniform Act for Out-of-State Parolee Supervision contained in §§ 46-23-1101, -1106, inclusive MCA. That Act was adopted in this state in 1937. Since that time there have been at least three decisions in the United States Supreme Court which have an effect on the provisions of § 46-23-1102(3), MCA.

- 4 -

In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, the United States Supreme Court held that a parolee's liberty involves significant values within the protection of the due process clause of the Fourteenth Amendment of the United States Constitution, and that termination of that liberty requires an informal hearing to give assurance that the finding of a parole violation is based on verified facts to support the revocation. In Morrissey, the Court decided that due process required a reasonably prompt and informal inquiry conducted by an impartial hearing officer near the place of the alleged parole violation or arrest to determine if there is reasonable ground to believe the arrested parolee had violated a parole condition. The Supreme Court said in Morrissey that minimum due process required a full hearing before a neutral and detached hearing body for which the parolee had been given written notice of the claim of violations of parole, disclosure of the evidence against him, an opportunity to be heard in person and to present witnesses and to confront and cross-examine adverse witnesses.

Following Morrissey, in Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, the Supreme Court repeated that due process mandates preliminary final revocation hearings in the case of a probationer on the same conditions as specified in Morrissey.

In Moody v. Daggett (1976), 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236, however, the Supreme Court decided that a parolee was not entitled to hearing on revocation when the parole violator warrant had not been executed but rather was issued at large and sent to the institution of his confinement as a "detainer."

This Court held in Owens v. Risley (Mont. 1985), 702 P.2d 1, 42 St.Rep. 1000, that Owens was not entitled to an on-site hearing in another state because one of the provisions of his parole was that he not leave Montana. Since Owens had left the State of Montana without permission, he had violated his parole by that fact, and was not entitled to any further hearing.

It is not necessary in this case to determine whether there is an irreconcilable conflict between United States Supreme Court decisions in Morrissey and Gagnon and the interstate compact provisions to which we have referred above. In any event, the purpose of the on-site preliminary hearing and the eventual full-blown hearing on revocation is to provide due process to the parolee, and to protect his liberty interest at the time. In this case, Howell did not have a liberty interest at the time of the proceedings against him for the revocation of his parole. He was at the time under arrest in Idaho by reason of a charge against him for assault. His transfer by the Idaho authorities to the Montana authorities while he was still under arrest did not deprive him of any liberty interest since his detention by the Idaho authorities was at all times lawful. The United States Court of Appeals for the Ninth Circuit has explained the meaning of Morrissey in Pierre v. Washington State Board of Prison Terms and Paroles (9th 1983), 699 F.2d 471. In that case, the Court of Appeals said:

> In Morrissey, the Supreme Court did not intend to lay down a rigid set of procedures to be followed ritualistically in every situation. Rather, it prescribed a general framework to guide future parole revocation proceedings in order to guarantee that parolees are not deprived of procedural due process. The themes of flexibility and informality run throughout Morrissey: "No interest would be served by formalism in this process; informality

will not lessen the utility of this inquiry in reducing the risk of error." _Id._ at 487, 92 S.Ct. at 2603. "We have no thought to create an inflexible structure for parole revocation procedures." _Id._ at 490, 92 S.Ct. at 2604. "We cannot write a code of procedure .. . . Our task is limited to deciding the minimum requirements of due process." _Id._ at 488-489, 92 S.Ct. at 2603-2604. No formalistic set of procedures need be followed as long as the minimum due process requirements enunciated in _Morrissey_ are met. Under the facts of _Morrissey_, the two-hearing requirement was just one way to satisfy minimum due process; it is not the only way in every case.

699 F.2d at 473.

We hold therefore that Howell was not deprived of a liberty interest by the failure of the authorities to provide for him a preliminary or on-site hearing. We find in fact he was given a full hearing on the revocation of his parole, with the opportunity to meet the charges against him which constituted the reasons for the revocation of his parole, to cross-examine adverse witnesses, and to produce witnesses of his own. He has not been deprived of due process.

ACCORDINGLY, IT IS ORDERED:

That the petition of Michael Howell for habeas corpus relief in this cause is hereby denied; and the order of this Court on September 24, 1985, staying the appeal of Howell in Cause No. 85-293 is hereby vacated.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 7 -