928

Miguel MARTINEZ, Plaintiff,

v.

O.C. JENKINS, Defendant.

No. 87 C 8683.

United States District Court,
N.D. Illinois, E.D.

Nov. 18, 1987.

Miguel Martinez, pro se.

Anton R. Valukas, U.S. Atty. by John Brennan, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

█ Petitioner Miguel Martinez allegedly violated his parole by failing to notify his probation officer of a change in residence. Acting on a parole violation warrant, police arrested Martinez in Chicago on September 27, 1987. After a preliminary hearing on October 27, 1987, the U.S. Parole Commission found probable cause to hold Martinez without bail pending his final parole revocation hearing. In a habeas corpus petition under 28 U.S.C. § 2254, Martinez seeks conditional release pending further revocation proceedings. This court denies Martinez's petition.

The statute governing parole revocation, 18 U.S.C. § 4214, grants the Parole Commission wide discretion to detain parolees pending final revocation proceedings. Courts will disturb the Commission's bail rulings only in extremely limited circumstances. *Luther v. Molina,* 627 F.2d 71, 74–76 (7th Cir.1980). Such circumstances do not exist in this case. Martinez's move from Massachusetts to Chicago marked the latest chapter in a long history of flight from federal authority. Given his background, the Parole Commission acted well within its discretion when it denied bail to Martinez.

█ Because one month elapsed between his arrest and his preliminary hearing, Martinez claims a deprivation of his due process right to a prompt hearing. *See Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). While the 30–day delay may warrant some sort of relief, releasing Martinez would be an inappropriate remedy. *See Luther,* 627 F.2d at 76. In any event, it is questionable whether Martinez was entitled to a preliminary hearing. In two analogous cases, the Eighth and Tenth Circuits held that no preliminary hearing was required because the parolee's presence in another jurisdiction without permission constituted sufficient probable cause to believe that a parole violation had occurred. *Barton v. Malley,* 626 F.2d 151 (10th Cir.1980); *Chilembwe v. Wyrick,* 574 F.2d 985 (8th Cir. 1978).

Martinez has shown no reason why he should be released. His petition for a writ of habeas corpus is therefore denied.