JUSTICE NELSON,
concurring.
¶48 I concur in Issues One, Two, Four and Five. I also concur in the result of Issue Three, but I do so on a narrower basis than does the Court’s Opinion.
¶49 We begin ¶ 30 with the statement of Johnston’s claim-specifically, that the State violated his constitutional right to due process by holding him in custody for 21 days with no preliminary hearing to *105 establish probable cause for his alleged probation violations. We then proceed in the subsequent paragraphs to explain that § 46-23-1012, MCA, provides probationers with due process protections. However, the Court’s Opinion does not explain why the 21-day delay in Johnston’s case does not constitute “unnecessary delay” under § 46-18-203(4), MCA, or a due process violation.
¶50 It appears to me that the Court is treating Johnston’s due process claim as a facial challenge to §§ 46-23-1012(5) and 46-18-203(4), MCA, and is then reaffirming our holding in State v. Swan, 220 Mont. 162, 713 P.2d 1003 (1986), Opinion, ¶¶ 32-35, when in reality, Johnston’s claim is an as-applied, challenge. I would explain that § 46-23-1012, MCA, provides adequate due process protections, as the Opinion states in ¶ 35, and also that the 21-day delay challenged by Johnston does not fall outside the “[w]ithout unnecessary delay” requirement of § 46-18-203(4), MCA, on the facts of this case. This approach recognizes that there may be a fact scenario wherein this amount or nature of delay would be “unnecessary,” § 46-18-203(4), MCA, or would violate due process.
¶51 On that basis I concur with Issue Three.