

FILED

01/19/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0007

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0007

MICHAEL DANIELS,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison,

Respondent.

FILED

JAN 19 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Michael Daniels petitions this Court for habeas corpus relief because of a 2019 parole revocation. Daniels alleges that the Parole Board violated his due process rights when it revoked his parole without strict adherence to Montana statutes. Daniels requests his immediate release from prison, reinstatement of his parole, and dismissal of his parole violations.

Citing § 46-6-214, MCA, Daniels first claims that his November 28, 2019 arrest was invalid because no signature authorized the arrest warrant. He next contends that he was not personally served with a notice to appear, violating § 46-23-1023(1), MCA, and there was no written statement within twelve hours as required by § 46-23-1023(2), MCA. Daniels argues further that he was held longer than seventy-two hours without bail, citing § 46-23-1023(4), MCA. He challenges his on-site hearing because it was not held within five days after arrest as required by § 46-23-1024(2), MCA. Daniels lastly argues that his revocation hearing was unlawful because it was not scheduled within ninety days as directed in Admin. R. M. 20.25.801(12) but occurred almost six months after his December 4, 2019 on-site hearing. We consider his claims in turn.

*Arrest Warrant Challenge*

The arrest warrant was issued pursuant to § 46-23-1023, MCA, not § 46-6-214, MCA. Revocation of parole is not a part of the criminal prosecution.

*Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2599-2600 (1972). The particulars of an arrest warrant under § 46-6-214, MCA, do not apply.

*Lack of Service & Written Statement*

Daniels's Probation and Parole Officer issued a warrant for his arrest. "At any time during release on parole or conditional release, the department may issue a warrant for the arrest of the parolee for violation of any of the conditions of release _or_ a notice to appear to answer to a charge of violation. The notice must be served personally upon the parolee." Section 46-23-1023(1), MCA. (Emphasis added). Daniels was not served personally with a notice because a warrant was issued for his arrest. Daniels received a copy of a warrant as evidenced by his attachments. For the same reason, § 46-23-1023(2), MCA, requiring a written statement, does not apply to him. ("Any probation and parole officer may arrest the parolee *without a warrant* or may deputize any other officer with power to arrest to do so by giving the officer oral authorization and within 12 hours delivering to the place of detention a written statement setting forth that the parolee has, in the judgment of the probation and parole officer, violated the conditions of the parolee's release." Section 46-23-1023(2), MCA (emphasis added).)

*Held without Bail*

The issue of a seventy-two-hour hold does not apply to Daniels, pursuant to §§ 46-23-1023(4)(a), (b), MCA, because an initial or on-site hearing commenced the revocation process, pursuant to § 46-23-1023(4)(c), MCA. His Probation and Parole Officer issued an Affidavit of Support of Probable Cause Hearing on Parole Violations on December 3, 2019. A parolee who has violated his conditions "may, if circumstances warrant, be incarcerated in the institution." Section 46-23-1023(3), MCA. *See also* § 46-23-1024(6), MCA ("The provisions of Title 46, chapter 9, regarding release on bail of a person charged with a crime are not applicable to a parolee ordered to be held in a county detention center or other facility under this section.").

*On-Site Hearing*

"The hearing must be conducted at or reasonably near the place of the alleged parole violation or arrest and within 5 days after arrest. The parolee must be given notice of the

hearing and must be allowed to appear and speak in the parolee's own behalf and introduce relevant information to the hearings officer." Section 46-23-1024(2), MCA. Daniels was arrested on Thanksgiving, Thursday, November 28, 2019, and an on-site hearing was held on Wednesday, December 4, 2019, according to the copy Daniels attached to his Petition. The hearing occurred within six days and is not violative of due process. This Court recently explained that a one-day delay pursuant to § 46-23-1024(2), MCA, does not give rise to a claim for due process violations. *See Buehl v. Salmonsen*, No. OP 18-0495, 2018 Mont. LEXIS 390 (Nov. 14, 2018). This Court has determined that "[t]he purpose of an on-site hearing is to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Owens v. Risley*, 217 Mont. 35, 37, 702 P.2d 1, 2 (1985); *Morrissey*, 408 U.S. at 485, 92 S. Ct. at 2602.

Daniels received notice of the alleged parole violations when he received a copy of the December 3, 2019 On-Site Affidavit of Probable Cause, signed by his Probation and Parole Officer. The Probation and Parole Officer listed at least five violations of Daniels's parole conditions during a four-month window since his July 25, 2019 parole. In the Summary of On-Site Hearing, the presiding hearing officer stated that he reviewed Daniels's due process rights with him and that Daniels acknowledged that his rights were afforded to him. The officer included:

> Michael Daniels did not hire an attorney to represent him. Each rule violation was read[.] Daniels was afforded an opportunity to ask questions and give statements while entering his plea. P&P Officer Tricia Jory [w]as also [offered] the opportunity to present testimony.
> I advised Parolee Michael Daniels at the conclusion of his hearing [t]hat I found probable cause regarding all violations and [t]hat I was returning him to the Board of Pardons and Parole for a formal hearing. Daniels did state that his [due] process rights were afforded to him at the conclusion of the hearing and that he did want to appear before the Board at [his] hearing.

Daniels's due process rights were not violated at this on-site hearing. "[D]ue process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as

3

convenient after arrest while information is fresh and sources are available." *Morrissey*, 408 U.S. at 485, 92 S. Ct. at 2602. *See also* §§ 46-23-1001 through 46-23-1032, MCA (Montana statutes codifying the process for both probation and parole supervision and revocation). At his hearing, Daniels entered pleas of guilty to possessing ammunition during a search after the November 28, 2019 law enforcement stop and to possessing illegal drugs following his vehicle's impoundment. Daniels's hearing was conducted in a timely fashion and within a short period of arrest, providing him all the process that he was due. Daniels had an on-site hearing as promptly as possible.

Daniels also received criminal charges in the Cascade County District Court (Cause No. ADC-19-0866). "After the arrest of the parolee, an initial hearing must be held unless[,] . . . the parolee has been charged in any court with a violation of the law[.]" Section 46-23-1024(1)(b), MCA. Though the new charges likely obviated the need for an on-site hearing, Daniels received one. His due process rights were amply protected.

*Revocation Hearing*

Regarding the delay between Daniels's on-site hearing and appearance before the Board, we conclude that his due process rights were not violated. Daniels had a pending criminal matter in District Court. Based on the limited information presented, it is not clear whether his pending case took priority over his appearance before the Board. The charges were dismissed in April 2020, during a time when the novel coronavirus pandemic was slowing activity around the State. *See Disability Rights Mont. v. Mont. Judicial Dists. 1-22*, No. OP 20-0189, 2020 Mont. LEXIS 2061, at *11 (Apr. 14, 2020). The delay did not prejudice Daniels because the revocation hearing provided him the required due process, pursuant to § 46-23-1025, MCA, and Admin. R. M. 20.25.801(12) (2016).

"Parole . . . is a discretionary grant of freedom from incarceration." *McDermott v. McDonald*, 2001 MT 89, ¶ 24, 305 Mont. 166, 24 P.3d 200. We note that this is Daniels's third parole in four years. The recent revocation of his parole was warranted. Daniels has not shown that the Board erred in revoking his parole. He is not entitled to reinstatement of parole or dismissal of his parole violations. Daniels has not demonstrated that he is illegally incarcerated. Section 46-22-101(1), MCA.

4

IT IS THEREFORE ORDERED that Daniels's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Michael Daniels personally.

DATED this 19th day of January, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices